## Edward Sloncen v. The People of the State of Illinois.

1. CRIMINAL PRACTICE—*Election Not to Further Prosecute—Nolle Prosequi.*—An election by the state's attorney not to further prosecute a count of an indictment, and a statement by him in open court to that effect is equivalent to a *nolle prosequi* as to such count.

2.  Jury Trial—*Waiver of, in Writing.*—The act of June 17, 1893, "(An act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment," Laws, 1893, 96,) providing that no person shall be imprisoned for non-payment of a fine or judgment in any civil, criminal, quasi criminal or *qui tam* action, except upon conviction by jury, unless he waives such jury by executing a formal waiver in writing, does not apply to cases where the defendant has been sentenced to imprisonment and no fine or money judgment entered up against him.

3.  Convictions—*Power of the Court to Reverse.*—Where the evidence preserved in the record fails to show that the defendant was guilty of the offense charged, the Appellate Court will reverse the judgment of conviction or error.

**Indictment for a Misdemeanor.**—Error to the Criminal Court of Cook County: the Hon. John Barton Payne, Judge, presiding. Submitted at the March term, 1895. Reversed and remanded. Opinion filed April 4, 1895.

## Statement of the Case.

This is an appeal from a judgment sentencing the appellant to one year in the house of correction.

The first count in the indictment upon which the defendant was arraigned, was for an assault with intent to kill. He was put upon his trial without a jury, the jury having been waived "by oral agreement between the state's attorney and the defendant." Before going to trial the state's attorney elected "not to further prosecute the first count in the indictment." The remaining counts of the indictment charged that "the defendant made an assault upon one David Kelly, with a deadly weapon, with the intent to inflict upon the person of said Kelly, a bodily injury," etc.

After hearing the evidence, the court found the defendant "guilty in manner and form as charged in the indictment," and sentenced the defendant to be confined to the house of correction of the city of Chicago, for and during the term of one year.

John C. King and John W. Byam, attorneys for plaintiff in error.

Jacob J. Kern and Knight, Wagner & Kendig, attorneys for defendants in error.

Sloncen v. The People.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The election to and statement by the state's attorney that he would not further prosecute the first count of the indictment, was equivalent to a *nolle prosequi* as to such count. The finding of the court has reference only to the counts remaining.

We do not regard the statute as requiring that in a case of this kind the waiver of trial by jury shall be in writing. The statute provides " That no person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, quasi-criminal or *qui tam* action, except upon conviction by jury. Provided, that the defendant or defendants in any such action may waive a jury trial by executing a formal waiver in writing; and provided further, that this provision shall not be construed to apply to fines inflicted for contempt of court. And provided further, that when such waiver of the jury is made, imprisonment may follow judgment of the court without conviction by a jury." Sess. Laws of 1893, p. 96. Plaintiff in error has not been fined nor has any money judgment been rendered against him.

We find ourselves unable to agree with the Criminal Court that the defendant was shown to be guilty of the offense with which he was charged.

There is a wide difference in the testimony as to the affair out of which this prosecution arose. The facts which seem to be beyond dispute are not in harmony with the judgment of the Criminal Court, while the very great preponderance of the evidence upon matters in dispute seems to us to be in favor of the innocence of the defendant below.

It was admitted that the defendant had, up to the time of the occurrence in question, borne a good character and been a good officer. That he should suddenly have developed into a drunken brute, ready to shoot an unoffending citizen is improbable, and we see no sufficient reason for thinking that the eight witnesses who testified that the defendant was sober can all have either been mistaken or willful falsifiers. Unless the defendant was drunk his alleged conduct is incredible.

We are not unmindful of the weight that must be here given to the conclusion of the trial court, and if this case was one in which the evidence seemed to be equally balanced we should not feel warranted in interfering; but the testimony preponderates so greatly in favor of the defendant that we can not do otherwise than reverse the judgment and remand the cause.