## S. Ella O'Donoghue, Ex'rx, v. Title Guarantee & Trust Co., Adm'r, etc.

1. ATTORNEYS—*As Witnesses.*—It is of doubtful professional propriety for an attorney to become a witness for his client, without first entirely withdrawing from any further connection with the case; and an attorney occupying the attitude of both witness and attorney for his client, subjects his testimony to criticism, if not suspicion.

2. EVIDENCE—*Papers Found Among the Effects of a Deceased Person.*—A paper purporting to be a statement of account, rendered by a deceased person, found among his papers, in the absence of anything .tending to show his knowledge or approval of its existence or contents on the part of the debtor charged thereby, is not *prima facie* evidence against the latter's estate.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed December 23, 1898.

FRANK ASBURY JOHNSON, attorney for appellant.

HENRY C. NOYES, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The facts in this case are fully stated in the opinion in Mears v. Donoghue, 58 Ill. App. 345, and it is not necessary to again recite them.

Since the opinion in that case was filed, Charles Mears, the then appellant, has died, and the present appellee became administrator of his estate and was made party defendant in the suit.

At the trial from which this appeal is prosecuted, the testimony which was held improperly excluded before was admitted, and a jury found for the defendant.

The testimony of Stimpson was properly admitted under the former ruling of this court.

The paper offered in evidence, purporting to be a statement of account rendered by R. W. Smith to Mears, was, we think, properly excluded. The fact that it had been found among Smith's papers, with receipts made by Mears, did not make it *prima facie* evidence against the latter, in the absence of anything tending to show knowledge or approval of its existence or contents on his part. Evidence of its origin or authorship was entirely wanting.

If the case was properly presented to the jury, their finding upon the questions of fact ought not to be disturbed. But we are compelled to the conclusion that this was not done.

The defendant's attorney took the stand and gave testimony to the effect that Smith, in his lifetime, when acting as attorney for Mears, gave to the latter, in a certain case, advice which the witness says was, in his opinion, " good for nothing and wrong." It is stated that this opinion was expressed for the purpose of answering an item in Smith's account charging $10 for services in said case, and to show that the services so charged for were of no value.

The bill of exceptions shows that appellant's motion to strike out some of this testimony was sustained, but there is doubt as to what was stricken out, and the record does not make it plain. The witness went on to state : " They charge for advice in this matter. That advice cost Mr. Mears lots of money and was wrong. It is simply to show the jury that, although we are not obliged to show it, this $200 per year was all this man was worth."

This, as testimony, was clearly inadmissible. Appellant

was suing to recover upon a book account, which is brought here with the record, was kept as a book of original entry, containing charges made from 1882 to 1889 against Smith's other clients as well as against Mears, and was evidently made in the regular course of business. The defense is, not that the services charged for were not rendered, but that they were rendered under a contract made in 1865, by which Smith was to receive a salary of $200 a year for all legal services to Mears. Whether or not $200 a year was all Smith "was worth," was not an issue in the case, and such a statement made to the jury, under the solemnity of his oath, from the witness stand, by the attorney of the appellee, was improper, and doubtless must have been prejudicial. It is an illustration of the danger which counsel in a case on trial encounter when they go on the witness stand to testify in behalf of their own clients. In this case counsel on both sides gave considerable testimony at the trial.

In Ross v. Demoss, 45 Ill. 447, Mr. Justice Lawrence says: "It is of doubtful professional propriety for an attorney to become a witness for his client, without first entirely withdrawing from any further connection with the case; and an attorney occupying the attitude of both witness and attorney for his client, subjects his testimony to criticism, if not suspicion." See also Morgan v. Roberts, 38 Ill. 65, 86.

Occasion may arise when such testimony is necessary, but in that event it ought to be carefully guarded. Otherwise the zeal of the advocate is very likely to influence the statement of the witness and to lead him unconsciously to merge the character of the one into that of the other.

The court instructed the jury, in substance, that if a contract was originally made between Mears and Smith, under which the latter was to do the law business of the former for $200 a year, that such contract would continue in force so long as services were rendered, unless the jury should "find from the evidence that said contract was changed by the consent of both parties."

It was for the jury to determine, from all the evidence,

whether Smith continued to work under a contract for salary after he began to make the itemized charges in the book of account introduced in evidence. Absolute proof of actual formal consent of both parties was not necessary to enable appellant to recover. Such consent might be presumed from the conduct of the parties, and it was for the jury to say whether the entries in the book account, and all the facts in evidence, warranted the presumption of a change in the original contract relations, if such had existed.

We regard the instruction as calculated to mislead the jury, under the evidence in this case; and for the errors indicated, the cause must be reversed and remanded.

Reversed and remanded.