THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD JOHNSON, Defendant-Appellant.

Second District    No. 80-517

Opinion filed December 15, 1981.

Mary Robinson and David Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was indicted on February 14, 1978, in Kane County, for armed robbery, attempt murder, and aggravated battery. (Ill. Rev. Stat. 1977, ch. 38, pars. 18—2, 8—4(a) and 12—4.) On April 10, 1978, just prior to jury selection, the prosecutor informed the court: "I failed to mention we are proceeding only on Count I [armed robbery]." There was no express consent given by the trial court, nor was there any written order nolle prossing or dismissing the remaining two counts. The defendant was convicted by a jury of armed robbery, and his motion for a new trial was denied. He elected to be sentenced under the old Code, and the trial court sentenced him to a term of 21 years to life. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(b)(2).) Defendant immediately filed his notice of appeal in open court. A subsequent order entered 12 days later reduced defendant's sentence to not less than 21 years nor more than 63 years, and a second notice of appeal from the amended judgment was filed.

The defendant had been indicted on the charges following his and an accomplice's alleged armed robbery of a tavern. During the robbery, defendant allegedly told one of the persons in the bar, a 15-year-old boy, to sit on one of the bar stools which was directly in line with the front door of the tavern. Upon completing the robbery and exiting the tavern, the defendant allegedly turned, faced the closed glass door and fired a shot. The shot struck the 15-year-old boy, resulting in permanent paralysis.

On appeal, this court reversed and remanded the cause for a new trial. (*People v. Johnson* (1979), 76 Ill. App. 3d 147.) The basis for the reversal was that improper evidence of the nature and extent of the boy's injuries was presented to the jury in view of the fact the defendant was being tried only for the armed robbery offense. Subsequent to this court's mandate, the defendant was reindicted on January 23, 1980, for attempt murder and aggravated battery. The defendant unsuccessfully moved to quash the indictment. Prior to retrial on May 19, 1980, the prosecutor

moved to nolle pros the attempt murder count and the trial court acceded. The jury found the defendant guilty of aggravated battery and armed robbery. Defendant's motion for a new trial was denied, and he elected to be sentenced under the new Code. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(3).) The court sentenced the defendant to a determinate term of 23 years for armed robbery, and a concurrent five-year term for aggravated battery. The defendant's notice of appeal was timely filed.

Three issues are raised on appeal: (1) Whether the reindictment for attempt murder and aggravated battery was vindictive and, therefore, violative of due process; (2) Whether the defendant was denied the effective assistance of counsel; and (3) Whether the sentence imposed after retrial was illegal because it exceeded the sentence originally imposed. It is unnecessary for us to discuss the latter two issues; we reverse and remand on the basis of the first issue.

■■ We begin with the premise that the prosecutor's election to proceed only on the armed robbery charge at the defendant's first trial effectively nolle prossed the counts for attempt murder and armed robbery. (*Sloncen v. People* (1895), 58 Ill. App. 315.) Although it is now usual procedure for the State to seek the trial court's approval before entering a nolle pros (*People v. Mooar* (1981), 92 Ill. App. 3d 852; *People v. Maher* (1979), 77 Ill. App. 3d 488), we see no reason why the trial court would not have given its approval if it had been sought, nor did the defendant object to the entry of the *nolle prosequis*.

Defendant argues the prosecutor acted vindictively in reindicting him for aggravated battery and attempt murder. This court's opinion reversing the defendant's conviction for armed robbery explicitly stated reversal would not have been warranted if proof of the armed robbery had halted with the fact of the shooting through the door. Additionally, the court rejected the State's harmless error argument in view of the fact the defendant's identity and purported use of the shotgun was established solely by his accomplice's testimony and statements to others. The court found the evidence of the shooting victim's injuries and current condition of paralysis even more prejudicial in view of the fact the defendant was not on trial for attempt murder or aggravated battery.

The defendant relies on *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, and *Blackledge v. Perry* (1974), 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098, for the proposition that he was entitled to pursue his right to appeal free from the potentiality of increased sanction severity upon reversal and/or retrial. Defendant states that the standard on review in such cases is whether there exists a "realistic likelihood of vindictiveness" as the basis for the augmented charges. (*People v. Walker* (1981), 84 Ill. 2d 512, 524.) Although *Walker* involved a

prosecutor's decision to seek a greatly enhanced penalty after the defendant successfully had his guilty plea withdrawn, the court there held that the reasoning of those cases has correctly been applied whenever a defendant has chosen to exercise any procedural right. 84 Ill. 2d 512, 520.

*Inter alia*, the plea bargain in *Walker* provided the defendant would receive a 60-year sentence. Upon accepting the defendant's negotiated plea in that case, however, the court inaccurately admonished the defendant that " '[t]he range of sentencing could be 40 to 80 years,' whereas the indictment's terms, alleging murder and armed robbery, justified a death sentence hearing." (84 Ill. 2d 512, 514-15.) Since the State's Attorney took a leading role in those proceedings, and did not challenge the court's admonitions on the murder count, the *Walker* court found the State's Attorney had unmistakably adopted the position that 80 years was the maximum penalty and had, in effect, "notified defendant that death was not a possible penalty for his crimes." (84 Ill. 2d 512, 523.) Defendant subsequently successfully withdrew the negotiated guilty plea and later entered an unnegotiated guilty plea which resulted in the State seeking, and obtaining, a sentence of death.

The *Walker* court recognized that the prosecutor has a constitutionally legitimate interest in "persuading" a defendant to forego his right to plead guilty, and that a defendant who chooses to risk an increased sanction rather than plead guilty shall be held to that choice. However, the court also acknowledged that the legitimacy of the latter principle "depends upon a defendant's knowing, voluntary, and intelligent evaluation of the risks involved." (84 Ill. 2d 512, 522.) The court found that the prosecutor's escalation of the possible sanction severity without notice and for no valid reason after the defendant chose to exercise his procedural right to challenge a guilty plea which was not entered knowingly, voluntarily and intelligently, triggered the vindictiveness principles enunciated in *Pearce* and *Blackledge*. For its purposes, the court treated the possibility of a death sentence, if not revealed to a defendant, as an " 'additional and more serious charge,' " given the qualitative difference between death and other penalties. 84 Ill. 2d 512, 522.

The court found the prosecutor's change of mind in the absence of any alteration of the facts—save the defendant's invocation of a right the law plainly allows—created the appearance of vindictiveness. Further, given the prosecutor's stake in discouraging defendants from challenging their guilty pleas and the availability of the means to discourage such challenges (*i.e.*, discretion to seek the death penalty in this instance), the court found that a realistic likelihood of vindictiveness existed as well. Thus, the court concluded the prosecutor was required to point out objective facts which justified his change of mind, as well as being

required to put the defendant on notice prior to withdrawal of his plea as to what he will face. The court ultimately found there were no objective facts which would have allowed a change of mind or which had put the defendant on notice as to what he would face.

■■ For purposes of our analysis, we view the defendant's reindictment for attempt murder and aggravated battery following his assertion of a procedural right the law plainly allows as having subjected him to "increase sanction severity." Certainly there was the possibility of consecutive sentences (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(a)), and, in fact, the State did request that consecutive maximum sentences be imposed. Additionally, the collateral consequences flowing from conviction of two felonies rather than one should not be disregarded. (See generally *Blackledge v. Perry* (1974), 417 U.S. 21, 28 n.6, 40 L. Ed. 2d 628, 635 n.6, 94 S. Ct. 2098, 2103 n.6.) Paralleling the court's reasoning in *Walker*, we note that the only apparent alteration of the facts between the time the State elected at the first trial "to proceed only on Count I" and its reindictment for attempt murder and aggravated battery, was the intervening factor of the defendant's successful assertion of a procedural right, his direct appeal. This suggests the appearance of vindictiveness. The State argues it was coincidental that the reindictments occurred after defendant secured a new trial. However, no reason was advanced for the almost two-year delay in not proceeding on these charges. Nor is any reason evident why the charges were nolle prossed just before trial. Although the State's evidence may not have established the intent required to sustain an attempt murder conviction, we have been apprised of no evidence subsequently discovered which would have made conviction for aggravated battery more probable at the second trial than at the first.

Again paralleling the reasoning in *Walker*, we find the circumstances of this case present a realistic likelihood of vindictiveness, as well. The State has a stake in the swift and sure conviction and punishment of those who violate the law. Analogous to the *Blackledge* prosecutor's "considerable stake" in deterring a defendant from appealing to a trial *de novo*, the State here also had an interest in not having to present its case a second time. (*Blackledge v. Perry* (1974), 417 U.S. 21, 27, 40 L. Ed. 2d 628, 634, 94 S. Ct. 2098, 2102.) Its discretionary prosecutorial power, when aimed with a bead on those who seek redress, is a formidible retaliatory weapon. Unjustified reindictment of a successful appellant for greater or additional offenses arising out of the same factual situation as the challenged conviction creates an enormous potential for discouraging those who legitimately are entitled to seek review.

■■ We do not disagree with the State that it is well settled that nolle prossed charges ordinarily may be reinstated after successful withdrawal

of a guilty plea. (*People v. McCutcheon* (1977), 68 Ill. 2d 101; *People v. Curvin* (1980), 81 Ill. App. 3d 481), or that the effect of a *nolle prosequi* is to put the matter in the same condition as before the prosecution. (*People v. Watson* (1946), 394 Ill. 177, 179.) However, as indicated, *McCutcheon* and *Curvin* both involved charges nolle prossed in consideration for the defendant's guilty plea. Further, under Supreme Court Rule 605, defendants must be notified that upon withdrawal of a guilty plea, charges dismissed as part of a plea agreement will be reinstated if the State so requests. (Ill. Rev. Stat. 1979, ch. 110A, par. 605(b)(4).) There is no parallel admonition for defendants who have not bargained, and who have borne the burden of re-securing for themselves that which was theirs in the first place: the right to have a fair trial. Although not dispositive of our consideration of the vindictiveness issue, *Watson* and several recent cases suggest that reindictment on charges unilaterally nolle prossed by the State must be reinstated within term time or be subject to discharge on speedy trial grounds. See generally *People v. Watson* (1946), 394 Ill. 177, 182; *People v. Newell* (1980), 83 Ill. App. 3d 133; *People v. Sanders* (1980), 86 Ill. App. 3d 457; *People v. Leannah* (1981), 94 Ill. App. 3d 628.

■ That aside, when there is a realistic likelihood of vindictiveness, the State bears the burden of pointing to objective on-the-record facts which justify a change of mind. (*People v. Walker* (1981), 84 Ill. 2d 512, 524; *United States v. Andrews* (6th Cir. 1980), 633 F.2d 449, 456.) The following excerpts from the record reveal the essence of the prosecutor's two-point argument against the defendant's motion to quash the reindictment for attempt murder and aggravated battery:

> "Now, the purpose of jeopardy is to keep the prosecutor or the State from constantly trying a man on different—on the same fact situation but on different crimes that might arise out of it. In this situation essentially what happened is we tried him on Armed Robbery. We did so improperly. The case went up to the Appellate Court and the Appellate Court reversed.
>
> It went up on the Defendant's motion for a new trial. That Motion was granted due to the prejudicial error committed by the prosecutor, so it was sent back.
>
> Now, it's my opinion, Judge, when a Court does that based on the Defendant's own motion, that essentially you're starting back down in the trial level at step one. You're not starting down right before the case goes into the jury or the instructions are read, but rather before the jury is ever impaneled. You're starting out anew. The defendant is starting out from step one.
>
>             ✼  ✼  ✼
>
> The key point here, Judge, is the Court recognizes when a case is reversed and ordered retried, you're starting out from step one

again before anything happened. Necessarily then the Defendant is bound by his own actions by taking the case up and asking for a retrial. There has been no decision. Essentially, the Court is saying nothing happened down here. You're starting out afresh and anew. And I think the State, therefore, is properly allowed to re-indict this man.

\* \* \*

\* \* \*So that for the two reasons I don't think jeopardy attached because a juror was not impaneled. And two, even if it did attach, I think because of the motion for a new trial was granted we're starting fresh again.

Therefore, it's proper to reindict him on these two charges and certainly proper to present evidence. I disagree with Counsel's arguments that we're taking undue advantage of him in denying his due process. Certainly the case went up to the Appellate Court on his own motion and obviously rightfully so. They sent it back because they did so and in effect gave him what he wanted, a new trial.

Certainly the State is not taking any undue advantage of him by putting him on trial and taking advantage of all the crimes that he could have committed and the proofs are permissible on. Therefore, I'd ask that you deny his motion."

■■ We find these arguments insufficient to justify the defendant's reindictment. Reindictment after nolle pros is, of course, permissible as the State argued. However, reindictment after nolle pros *after* assertion of a procedural right is limited by virtue of the vindictiveness analysis. Here, the State was cognizant of all of the facts of the offenses from the beginning. It elected to proceed only on the armed robbery Class 1 felony and unconditionally effected a nolle pros of the other two charges. In the absence of any other justification, the prosecutor's statement that "the defendant is barred by his own actions by taking the case up and asking for a retrial" exhibits a realistic likelihood of vindictiveness. We conclude the defendant's conviction and sentence for aggravated battery must be vacated.

■■ Although the State argues the armed robbery conviction should be affirmed even if the aggravated battery conviction is not, we find little difference in the prejudicial effect of the improper evidence presented at the first trial when the aggravated battery charge *was not* before the jury and its presentation at the second trial when the aggravated battery charge *should not have been before* the jury. The second jury was similarly improperly advised of the victim's current paralysis by his testimony and by virtue of the blatant positioning òf the victim's wheelchair during his testimony. (*People v. Johnson* (1979), 76 Ill. App.

3d 147, 152; *People v. Nickolopoulos* (1962), 25 Ill. 2d 451.) Accordingly, the judgment of the circuit court of Kane County is reversed and remanded for a new trial on the armed robbery offense.

Aggravated battery conviction and sentence vacated; armed robbery conviction reversed and remanded for a new trial.

SEIDENFELD, P. J., and REINHARD, J., concur.