THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BYRON K. RAYFORD, Defendant-Appellant.

Fifth District    No. 80-476

Opinion filed February 8, 1982.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, and Rebecca Ann Whittington, research assistant, for appellant.

John Baricevic, State's Attorney, of Belleville (Martin N. Ashley, of State's Attorneys Appellate Service Commission, and Nancy G. Easum, research assistant, of counsel), for the People.

PER CURIAM: The defendant, Byron Rayford, was convicted by the Circuit Court of St. Clair County sitting without a jury of attempted murder, armed robbery, and armed violence. Defendant received concurrent sentences of 12 years on the attempted murder conviction and 10 years on the other convictions.

Defendant initially contends that his conviction for armed violence, which was based upon aggravated battery, should be vacated, because enhancement and prosecution under article 33A of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, art. 33A) are not permissible where the predicate felony contains its own enhancement provision. Alternatively, defendant contends that his conviction for attempted murder should be vacated because it is a lesser included offense of armed violence for which defendant was also convicted. The armed violence count of the indictment charged:

"COUNT III

That on the 1st day of January, 1980 in said County BYRON K. RAYFORD committed the offense of ARMED VIOLENCE in that THE SAID DEFENDANT, WHILE ARMED WITH A

DEADLY WEAPON, A PISTOL, A CATEGORY I WEAPON, PERFORMED ACTS PROHIBITED BY ILLINOIS LAW, TO WIT, AGGRAVATED BATTERY, IN VIOLATION OF CHAPTER 38, SECTION 12—4bl, ILLINOIS REVISED STATUTES, IN THAT HE, IN COMMITTING A BATTERY, IN VIOLATION OF CHAPTER 38, SECTION 12—3, ILLINOIS REVISED STATUTES, INTENTIONALLY WITHOUT LEGAL JUSTIFICATION CAUSED BODILY HARM TO ANTHONY NELSON, IN THAT HE SHOT ANTHONY NELSON WITH A GUN in violation of Paragraph 33 A—2 Chapter 38, Illinois Revised Statutes."

The evidence adduced at trial can be concisely stated. Defendant was the occupant of an automobile. The driver stopped to purchase gasoline and cigarettes. During the stop, defendant, while armed with a gun, entered the gas station building, demanded money, and after the attendant placed the money on a table shot the attendant in the area of his stomach.

■■■ Defendant cites *People v. Cazares* (1980), 86 Ill. App. 3d 612, 408 N.E.2d 258, for the proposition that attempted murder is a lesser included offense of armed violence. Our supreme court, however, has recently ruled that when the armed violence conviction, as in the case at bar, is based upon the underlying felony of aggravated battery, which does not require proof of intent to kill necessary for an attempted murder conviction, attempted murder is not a lesser included offense of armed violence. (*People v. Myers* (1981), 85 Ill. 2d 281, 422 N.E.2d 620.) The case at bar does present a question of whether defendant's behavior, under the doctrine of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, can support convictions and concurrent sentences for attempted murder and armed violence based on aggravated battery. Prejudice results to the defendant in those instances where more than one offense is carved from the same act. (*People v. King; People v. Myers.*) In the case at bar, the record establishes that both convictions arose from the same act—the firing of one bullet into the body of the victim; therefore, one of the convictions must be vacated. Attempted murder and armed violence are Class X felonies. (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4(c)(1) and 33A—3(a).) The State, in exercising its prosecutorial discretion wishes to pursue the attempted murder conviction (see *People v. Schultz* (1979), 73 Ill. App. 3d 379, 392 N.E.2d 322); therefore, the conviction and sentence for armed violence are vacated.

■■ Defendant's final contention of error is that his sentences are so excessive that an abuse of discretion has occurred. When sentencing a defendant, the trial judge must balance the protection of society and the possible rehabilitation of the offender. (*People v. Belcher* (1980), 92 Ill. App. 3d 237, 415 N.E.2d 1120.) It is not the function of reviewing courts to

serve as sentencing courts, and they cannot substitute their judgment for that of the trial judge merely because they would have balanced the appropriate factors differently. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) Absent an abuse of discretion, the trial court's sentence will not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The presentence report reveals that defendant is 21 years of age, was convicted of burglary in 1977, and has been employed by St. Mary's Hospital, East St. Louis, Illinois, since September 11, 1978, except for the period in which he was infected with hepatitis. At the sentencing hearing, a nurse and a unit supervisor of the psychiatric unit at St. Mary's Hospital testified to defendant's exemplary work habits. In sentencing defendant, the court specifically found that the defendant has a prior history of criminality, that defendant's conduct inflicted serious harm upon another, and that a sentence is necessary to deter defendant and others from the commission of like offenses. The trial court specifically found that the victim did nothing to provoke the defendant; therefore, we cannot say, considering the nature and circumstances of the offense, that the court abused its discretion in sentencing, particularly because of the senseless shooting of the victim after he had complied with defendant's demands for money. *People v. Torres* (1981), 100 Ill. App. 3d 931, 427 N.E.2d 329.

It is therefore ordered that the judgment of the Circuit Court of St. Clair County is affirmed in part and vacated in part.

Finding that oral argument would be of no assistance to the court in reaching its conclusion, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (73 Ill. 2d R. 352(a)).

Affirmed in part; vacated in part.

KASSERMAN and HARRISON, JJ., took no part in the consideration or decision of this case.