THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
OLAF E. OLSON, JR., Defendant-Appellant.

Second District   No. 2—82—0482

Opinion filed October 30, 1984.

G. Joseph Weller, David S. Morris, and Robert Hirschhorn, all of State Appellate Defender's Office, of Elgin, for appellant.

Gerald Grubb, State's Attorney, of Belvidere (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

This is the second time this case is before this court. (See *People v. Olson* (1981), 96 Ill. App. 3d 193, 420 N.E.2d 1161.) In June of 1979 defendant, Olaf Olson, Jr., was charged in a six-count information with attempt (murder), armed violence, reckless driving, fleeing or attempting to elude a police officer, and two other traffic viola-

tions. Following a jury trial in the circuit court of Boone County, defendant was convicted on all counts and was sentenced, in relevant part, to concurrent terms of 27 years on the attempt (murder) count (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 8—4(c)(1)), and 10 years on the armed-violence count (Ill. Rev. Stat. 1979, ch. 38, par. 33A–3(a)). Defendant appealed to this court, claiming, among other things, that judgment and sentence should not have been entered on the offense of attempt (murder) since it was a lesser included offense of armed violence predicated upon attempt (murder). This court declined to consider defendant's contention and instead ordered a new trial on other grounds.

Upon remand, defendant was charged with the same six offenses. Following a second jury trial, guilty verdicts were again returned on all six counts. Defendant's post-trial motions for a new trial and in arrest of judgment were denied. Defendant then moved to vacate the attempt (murder) conviction on the ground that it was a lesser included offense of armed violence and that these two convictions were based on the same physical act. The State responded that while attempt (murder) was considered a lesser included offense of armed violence predicated upon attempt (murder) (see *People v. Myers* (1980), 83 Ill. App. 3d 1073, 1077, 404 N.E.2d 1082, *modified* (1981), 85 Ill. 2d 281, 286-87, 426 N.E.2d 535), it wished to exercise its prosecutorial discretion to proceed only on the attempt (murder) conviction. The court denied defendant's motion to vacate the attempt (murder) conviction, and granted the State's motion to nol-pros the armed-violence count. Defendant was sentenced to 27 years' imprisonment on the attempt (murder) charge. He appeals, claiming that this procedure: (1) violated the rule set forth in *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477, that where there are multiple convictions carved out of the same physical act, judgment and sentence should be entered only on the more serious offense; and (2) permitted the State to proceed only on the lesser included offense solely for the improper purpose of obtaining a greater sentence against the defendant, a result which defendant claims allowed the State to accomplish indirectly what it could not accomplish directly. The State apparently concedes that the two offenses involved here arose from the same physical act (*cf. People v. Myers* (1980), 83 Ill. App. 3d 1073, 1077, 404 N.E.2d 1082), and that attempt (murder) is a "lesser included offense" of armed violence. (See *People v. Julian* (1980), 89 Ill. App. 3d 60, 65, 411 N.E.2d 337; *People v. Myers* (1980), 83 Ill. App. 3d 1073, 1077, 404 N.E.2d 1082, *modified* (1981), 85 Ill. 2d 281, 286-87, 426 N.E.2d 535; *People v. Howard* (1979), 78 Ill. App. 3d 858, 862-63, 397

N.E.2d 877.) It argues, however, that its motion to nol-pros the armed-violence count was a proper exercise of prosecutorial discretion. Alternatively, the State argues that the armed-violence conviction was properly vacated as being the more general offense. We do not reach the question whether armed violence is a "more serious offense" than attempt (murder) since, in our opinion, the holding in *Donaldson* does not remove the State's discretion to proceed on a lesser included offense if it so desires.

■ The State's power to nol-pros a charge extends to all stages of the trial proceedings up until the time that sentence is imposed. (*People v. Baes* (1981), 94 Ill. App. 3d 741, 746, 419 N.E.2d 47.) Thus, the declaration may be filed even after the verdict is rendered. (94 Ill. App. 3d 741, 746, 419 N.E.2d 47.) Consent and approval of the court is necessary before the State may enter a *nolle prosequi*, but the standard of the discretion vested in the court to review the State's request is governed by the determination of whether the State's Attorney's action is "capriciously or vexatiously repetitious" (*People v. Verstat* (1983), 112 Ill. App. 3d 90, 104, 444 N.E.2d 1374), or whether it will cause substantial prejudice to the defendant (*People v. Rudi* (1984), 103 Ill. 2d 216, 222-23). Further, several recent cases have permitted the exercise of prosecutorial discretion to nol-pros a charge even upon appeal of the cause under circumstances where the charges in question were equally serious in nature and were not lesser included offenses of the others. (See *People v. Rayford* (1982), 104 Ill. App. 3d 124, 126, 432 N.E.2d 1041; *People v. Schultz* (1979), 73 Ill. App. 3d 379, 382, 392 N.E.2d 322.) In *People v. Martin* (1984), 121 Ill. App. 3d 196, 214, 459 N.E.2d 279, this court permitted the State to proceed on a less specific and less serious offense where both parties agreed to this result.

In the instant case, defendant contends that the prosecutor's motion to nol-pros the armed-violence count was "vexatious" and therefore improperly granted because there was no reasonable excuse for filing the declaration. Defendant's position would require the State to give a reason for its decision to nol-pros, and such a result is contrary to case law stating that "[t]he decision to nolle pros lies within the nearly unfettered discretion of the State's Attorney ***." (*People v. Sanders* (1980), 86 Ill. App. 3d 457, 467, 407 N.E.2d 951; *People v. Verstat* (1983), 112 Ill. App. 3d 90, 102-04, 444 N.E.2d 1374.) Further, defendant cites no authority to support such a proposition. We therefore conclude that a State's Attorney need not give a reason for his decision not to pursue a matter or, in this case, a conviction, and that the critical inquiry in determining whether there is an abuse of his

power to nol-pros is whether the action results in undue or inexcusable repetition of a criminal trial or substantial prejudice to the defendant. See *People v. Rudi* (1984), 103 Ill. 2d 216, 222-23.

■ Defendant argues that he was prejudiced by the State's decision to nol-pros since it resulted in the imposition of an allegedly lengthier term of incarceration than would have been allowed on the armed-violence count. It is clear that had the State proceeded only on the armed-violence conviction, it could only have imposed a sentence of 10 years, since that was the original sentence for that charge and because principles of prosecutorial vindictiveness would have prevented a lengthier term of incarceration on that charge upon resentencing. (*North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072.) However, defendant's claim that the procedure here allowed the State "to accomplish indirectly what it could not accomplish directly" presumes that the State could not have exercised its prosecutorial discretion to nol-pros the armed-violence conviction on appeal from the first trial. There is no authority for this proposition and, to the contrary, case law heretofore cited indicates that such prosecutorial discretion has been allowed by several courts on appeal. (See *People v. Rayford* (1982), 104 Ill. App. 3d 124, 126, 432 N.E.2d 1041; *People v. Schultz* (1979), 73 Ill. App. 3d 379, 382, 392 N.E.2d 322.) Further, we find unpersuasive defendant's claim that he was prejudiced by the procedure because its effect was to instruct the jury on an offense the State never intended to charge. It is true that prejudice is the natural result of erroneously instructing the jury on an *uncharged* offense, since it cannot be shown whether the jury followed the correct or the erroneous instruction. (*People v. Payne* (1983), 98 Ill. 2d 45, 56, 456 N.E.2d 44; *People v. Stanko* (1949), 402 Ill. 558, 561, 84 N.E.2d 839.) However, that danger does not exist where, as here, the jury was instructed only as to *charged* offenses and returned verdicts of guilty on each charge.

■ The rule set forth in *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477, was designed to prevent a defendant from receiving multiple sentences when he committed only one physical act. (See *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838.) At the same time, we think it is evident that the court's statement to the effect that the "more serious" offense should stand was designed to inure to the benefit of the State, and not to the defendant. We therefore interpret the *Donaldson* holding as permitting the State in such circumstances to obtain the highest sentence possible on that one physical act, regardless of whether that sentence was imposed for the greater or the lesser offense. (*People v. Donaldson* (1982), 91 Ill. 2d

564

164, 170, 435 N.E.2d 477.) In this regard, the court in *People v. Gamboa* (1975), 30 Ill. App. 3d 242, 253, 332 N.E.2d 543, decided prior to *Donaldson*, allowed a sentence for aggravated battery rather than attempt (murder) to stand, even though it noted that this was "contrary to the usual practice of sentencing a defendant for the more serious offense." We also note that if we were required to vacate the judgment and sentence for attempt (murder) pursuant to *Donaldson*, it would appear that defendant may escape punishment altogether, since there is no judgment remaining on the armed-violence count in the trial court upon which this court could remand. (*People v. Felton* (1982), 108 Ill. App. 3d 763, 769, 439 N.E.2d 1107; see *People v. Gamboa* (1975), 30 Ill. App. 3d 242, 253, 332 N.E.2d 543.) We do not believe the holding in *Donaldson* was intended to achieve this result.

For the foregoing reasons, the judgment of the circuit court of Boone County is affirmed.

Affirmed.

SCHNAKE and NASH, JJ., concur.