THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAMUEL HARRIS, Defendant-Appellant.

Second District   No. 2—85—0404

Opinion filed August 28, 1986.

G. Joseph Weller and Kerry Evan Saltzman, both of State Appellate Defender's office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Kenneth Boyle, of State's Attorneys Appellate Prosecutor, of Springfield, William L. Browers of State's Attorneys Appellate Prosecutor, of Elgin, and Barbara J. Slingerland, of Springfield, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Samuel Harris, appeals from the judgment and sentence entered by the circuit court of Lake County, on charges of armed violence and retail theft pursuant to sections 33A—2 and 16A—3 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, pars. 33A—2, 16A—3). The trial judge sentenced him to 10 years' imprisonment on the armed-violence charge and one year on the retail-theft charge to run concurrent. On appeal, the defendant contends that his convictions must be reversed because the court tendered instructions to the jury which failed to conform to the charges alleged in the information, and, thus, he was convicted of crimes he was not originally charged with committing.

We affirm the judgment and the sentence of the circuit court of Lake County.

On February 21, 1985, the defendant was charged by information with three offenses: (1) retail theft, (2) aggravated battery and (3) armed violence. The armed-violence statute provides, essentially, that a person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law. (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2.) In the present case, the armed-violence charge was based on the felony of aggravated battery under section 12—4(a) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(a) (battery committed intentionally or knowingly, causing great bodily harm).) The

second offense mentioned above, aggravated battery, was charged under section 12—4(b)(1) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(1) (battery committed with a deadly weapon).) The defendant was also charged with retail theft under section 16A—3 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 16A—3).

At trial the court instructed the jury. For the aggravated-battery charge the court instructed the jury pursuant to Illinois Pattern Jury Instructions, Criminal, Nos. 11.07 and 11.08 (2d ed. 1981) (hereinafter cited as IPI Criminal 2d). These instructions provide, essentially, that a person commits the offense of aggravated battery when he knowingly causes great bodily harm. For the armed violence charge, the court gave the jury IPI Criminal 2d Nos. 11.19 and 11.20. These instructions state, in effect, that a person commits the offense of armed violence when he commits the offense of aggravated battery while armed with a dangerous weapon.

The jury found the defendant guilty of all three offenses. Subsequently, the trial court found that the offense of aggravated battery was a lesser included offense of the armed-violence offense, and, thus, did not sentence the defendant on the charge of aggravated battery. On May 15, 1985, the court entered judgment on the remaining charges, armed violence and retail theft. On that same day the defendant filed a motion for a new trial as well as the present appeal.

■ It is well settled that the jury can only be instructed concerning the crime charged. (*People v. Payne* (1983), 98 Ill. 2d 45, 56, *cert. denied* (1984), 465 U.S. 1036, 79 L. Ed. 2d 708, 104 S. Ct. 1310; *People v. Stanko* (1949), 402 Ill. 558, 561.) In addition, a defendant indicted of one offense cannot be convicted of an unindicted offense which is not a lesser included crime of the offense for which he is charged. (*People v. Hobson* (1979), 77 Ill. App. 3d 22, 28.) It is the defendant's position on appeal that the instructions given to the jury did not conform to the crimes charged in the information and, therefore, the jury convicted him of crimes he was not originally accused of committing.

Specifically, the defendant states that he was charged in count I with aggravated battery pursuant to section 12—4(a) as the predicate offense for the offense of armed violence, and in count II with aggravated battery pursuant to section 12—4(b)(1). He argues that this being the case, the jury should have been issued two separate instructions for each aggravated-battery charge. In this instance, however, only the instruction pursuant to section 12—4(a) was tendered. Thus, not only was the jury not properly informed as to the applicable law, but, the defendant also reasons, the "door was inadvertently left open for the jury to confuse the two charges, and find the defendant guilty of only

aggravated battery as charged in count II of the information." Relying on *People v. Haron* (1981), 85 Ill. 2d 261, the defendant then notes that the Illinois Supreme Court recognized a distinction between the two aggravated-battery charges and held that only an aggravated-battery charge pursuant to 12—4(a) would support the charge of armed violence. (85 Ill. 2d 261, 278.) Thus, the defendant concludes that the instructions tendered in this case allowed the jury to find the defendant guilty of armed violence pursuant to section 12—4(b)(1) rather than section 12—4(a), a crime unrecognized by our courts and also one he was not originally charged with committing. However, based on our review of the record, as well as the applicable case law, we see no reason to reverse the trial court's decision.

■ We note first, that with respect to the aggravated-battery charge, the defendant correctly states that the jury failed to receive an instruction on count II, aggravated battery under section 12—4(b)(1). However, it is our opinion that based on the record in this case, the defendant has waived this issue.

■ It is well settled that the failure to object at trial to an asserted error in jury instructions waives the issue. (*People v. Berry* (1984), 99 Ill. 2d 499, 503.) This is also true where the alleged error is not raised in a post-trial motion. (99 Ill. 2d 499, 503.) It is also established that a party may not raise, on appeal, the failure to give an instruction unless he tendered it at trial. (*People v. Underwood* (1978), 72 Ill. 2d 124, 129-30.) A trial court is under no duty to rewrite instructions. *People v. Barnard* (1984), 104 Ill. 2d 218, 232.

In the present case, the defendant failed properly to object to the instructions he now claims were erroneously given. Specifically, the defendant had "no problem" with IPI Criminal 2d No. 11.08. With regard to IPI Criminal 2d No. 11.07, the defendant also had no objections, specifically stating that the "only problem" he had was that the mental state of "knowingly" in the aggravated-battery instruction should be changed to a mental state of "intentionally" with regard to the armed-violence instruction. The defense also stated that the State's tendered aggravated-battery "instructions [were] proper." The defendant also failed to raise any error regarding the instruction in his post-trial motion and failed to tender any instruction which would have cured the alleged defects in the instructions the court gave the jury.

Furthermore, this appeal does not involve a situation where grave error occurred below, requiring application of Supreme Court Rule 451(c) (87 Ill. 2d R. 451(c)). (See *People v. Berry* (1984), 99 Ill. 2d 499, 504.) In the present case, the defendant was not even "convicted" of the offense of aggravated battery under section 12—4(b)(1). Instead,

after the jury returned a verdict which found the defendant guilty of that offense, the trial court found the aggravated-battery charge to be a lesser included offense of armed violence, and it did not enter judgment or sentence the defendant on that portion of the jury's verdict. Clearly, the defendant was not prejudiced by the jury's verdict on the aggravated-battery charge.

■ Similarly, we also agree that under the circumstances the defendant waived the issue he raises with regard to the armed-violence charge. In the present case, the defendant's only objection with regard to the armed-violence instruction involved changing the mental state from knowingly to intentionally. The defendant contends, therefore, that since he successfully brought the instructions to the court's attention, albeit for other reasons, he did not waive the issue for appeal. However, this is not the law. Supreme Court Rule 451(b) (87 Ill. 2d R. 451(b)) requires that grounds for objections to instructions in criminal cases be "particularly specified." Since the defendant failed to object to the armed-violence instruction on the grounds he raises in this appeal, he is deemed to have waived the current issue. *People v. Humes* (1979), 78 Ill. App. 3d 255, 258.

■ We are also of the opinion that the trial court properly instructed the jury regarding the offense of armed violence. The defendant's assertion that the court instructed the jury that in order to sustain the charge of armed violence the "State must first prove the predicate offense of aggravated battery, and second, that the defendant committed a battery while armed with a dangerous weapon" is erroneous. The jury was simply not so instructed.

The offense of armed violence involves the commission of a felony while armed with a dangerous weapon. (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2.) In the present case, the information alleged, in pertinent part, that the defendant "committed the offense of armed violence. . . in that said defendant while armed with a dangerous weapon, a pistol, performed acts prohibited by Ill. Rev. Stat. 1985, ch. 38, par. 12—4(a)." The four instructions which were relevant to this offense are as follows:

> (1) A person commits armed violence when he commits the offense of aggravated battery while armed with a dangerous weapon. A person is considered armed with a dangerous weapon when he carries on or about his person or is otherwise armed with a pistol.

> (2) A person commits the offense of aggravated battery when he, in committing a battery, knowingly causes great bodily harm to the person harmed.

(3) A person commits the offense of battery when he, or one for whose conduct he is legally responsible for, knowingly without legal justification and by any means causes bodily harm to another person.

(4) To sustain the charge of armed violence, the State must prove the following propositions: (1) that the defendant, or one for whose conduct he is legally responsible for, committed the offense of aggravated battery; and (2) that when he committed the offense of aggravated battery, he was armed with a dangerous weapon.

■ Here, the armed-violence charge is based on a felony of aggravated battery under paragraph 12—4(a). The jury received an instruction which defined aggravated battery as "battery causing great bodily harm." The defendant's assertion, therefore, that this case requires reversal under *People v. Haron* (1981), 85 Ill. 2d 261, is without merit. As discussed above, in *Haron*, the court found that the armed-violence statute could not be applied to a charge of aggravated battery when the battery was enhanced by the use of a deadly weapon (85 Ill. 2d 261, 278). In this case, the instruction dealt with the predicate offense of aggravated battery causing great bodily harm. Aggravated battery causing great bodily harm is a proper predicate felony for armed violence. (*People v. Taylor* (1985), 139 Ill. App. 3d 779, 782.) Thus, in this case, the trial court properly instructed the jury regarding the offense of armed violence, and the instruction was entirely consistent with the information.

■ Furthermore, we are of the opinion that in the present case, the jury was instructed only as to charged offenses. It is true that prejudice is the natural result of erroneously instructing the jury on an *uncharged* offense, since it cannot be shown whether the jury followed the correct or the erroneous instruction. (*People v. Payne* (1983), 98 Ill. 2d 45, 56, *cert. denied* (1984), 465 U.S. 1036, 79 L. Ed. 2d 708, 104 S. Ct. 1310.) However, that danger does not exist where, as here, the jury was instructed only as to *charged* offenses and returned ·guilty verdicts on each. *People v. Olson* (1984), 128 Ill. App. 3d 560, 563.

Accordingly, for the reasons set forth above, the decision of the trial court is affirmed.

Affirmed.

NASH, P.J., and REINHARD, J., concur.