THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
MICHAEL FREEDMAN *et al.*, Defendants-Appellees.

First District (1st Division)   No. 85—2117

Opinion filed April 27, 1987.—Rehearing denied May 20, 1987.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Thomas V. Gainer, Jr., and Virginia M. Bigane, Assistant State's Attorneys, of counsel), for the People.

Gerald M. Werksman, of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

The State appeals from the trial court's order dismissing the indictment against defendants, Michael Freedman and Randall Moore.

On appeal, the State contends that (1) the trial court improperly dismissed the bribery and solicitation counts of the indictment because defendants' conduct fell within the ambit of section 33—1 of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 33—1); (2) the court improperly dismissed count VIII of the indictment because considering the indictment in its entirety, it apprised defendants that they were charged with having committed a felony of theft by deception of property exceeding $300 in value; and (3) the court improperly dismissed the indictment because the *nolle prosequi* sought and obtained by the State tolled the running of the speedy trial period. For the reasons that follow, we reverse and remand.

Defendants are attorneys licensed to practice law in Illinois. On March 25, 1982, defendants were indicted by the grand jury of the circuit court of Cook County for bribery (Ill. Rev. Stat. 1981, ch. 38, par. 33—1(d)) (counts I, II, IV, V, VI); solicitation (Ill. Rev. Stat. 1981, ch. 38, par. 33—1(e)) (count III); and theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(b)) (counts VII, VIII, IX), which occurred between December 15, 1981, and January 21, 1982. Defendants were subsequently indicted on November 24, 1982, in the Federal District Court for the

Northern District of Illinois for offenses arising out of some of the same acts on which the State charges were based.

Five days later, on November 29, 1982, the State moved to nol-pros the State charges pending against defendants, without stating any reason for the motion. Defendants objected and demanded trial. The court allowed the State's motion over defendants' objection.

The district court dismissed the Federal indictment on July 26, 1983. Thereafter, on December 14, 1984, one day before the running of the felony statute of limitations, the State reindicted defendants on charges identical to those which the State originally nol-prossed.

The present indictment charges defendants with soliciting and receiving money from their client, in amounts ranging from $300 to approximately $3,000, with the understanding that defendants would tender the money to a judge to influence him in order to obtain a favorable ruling for their client in a criminal case pending before that judge.

Defendants are also charged with theft by deception in that defendants "knowingly obtained by deception control over" their client's money, in amounts ranging from $300 to $1,500, with the intent to permanently deprive the client of the use and benefit of his property.

Defendants filed three motions to dismiss the indictment. Those motions requested dismissal of: (1) counts I through VI charging bribery and solicitation; (2) count VIII charging theft by deception; and (3) the entire indictment. After hearing arguments on defendants' first motion only, the court sustained all three motions on July 11, 1985.

In counts I through VI, defendants were indicted under sections 33—1(d) and (e) of the Illinois Criminal Code (Ill. Rev. Stat. 1983, ch. 38, pars. 33—1(d), (e)), in effect in 1981 and 1982. Those provisions provided:

"A person commits bribery when:
* * *

(d) He receives, retains or agrees to accept any property or personal advantage which he is not authorized by law to accept knowing that such property or personal advantage was promised or tendered with intent to cause him to influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness; or

(e) He solicits any property or personal advantage which he is not authorized by law to accept pursuant to an understanding that he shall influence the performance of any act related to the employment or function of any public officer, public em-

ployee, juror or witness." Ill. Rev. Stat. 1983, ch. 38, pars. 33—1(d), (e).

Defendants contend that their conduct did not fall within the clause "not authorized by law" because as private attorneys they were not unauthorized by law to accept or solicit money from a client. Therefore, they argue, the trial court properly dismissed counts I through VI of the indictment. We disagree.

■ Bribery of a judge is a criminal offense. No one, particularly a lawyer, who is an officer of the court, is or can be authorized to accept or solicit money to bribe a judge. Consequently, defendants were not authorized by law to do so. The charges, if proved, violate the sections cited.

The bribery statute has since been amended. The amendment became effective January 1, 1986. It now provides:

"A person commits bribery when:

\* \* \*

(e) He solicits, receives, retains, or agrees to accept any property or personal advantage pursuant to an understanding that he shall improperly influence or attempt to influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness." Ill. Rev. Stat. 1985, ch. 38, par. 33—1(e).

Defendants argue that the effect of the amendment, by eliminating the "unauthorized by law" language, now covers those situations, as in the present case, where a person is not a public employee and therefore has no restrictions placed by law on his or her authority to receive money. We disagree.

The amendment adds nothing new to the bribery statute. It proscribes the same conduct as it did previously, bribery of public officials. The only effect of the amendment is to prevent such future spurious arguments as the one advanced here by defendants.

Accordingly, we find that former section 33—1 prohibited defendants' alleged conduct and they may be prosecuted under it. The trial court's dismissal of counts I through VI of the indictment, charging bribery and solicitation, is reversed.

Next, defendants contend that count VIII charged them with only a misdemeanor because it charged them with theft of exactly $300. Therefore, they argue, the trial court properly dismissed that count because the statute of limitations had already run. (See Ill. Rev. Stat. 1983, ch. 38, par. 3—5(b).) We disagree.

■ The sufficiency of an indictment is determined by whether:

" 'it apprised the accused of the precise offense charged with

sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct.' [Citations.]" (*People v. Peebles* (1984), 125 Ill. App. 3d 213, 221, 465 N.E.2d 539, *appeal denied* (1984), 99 Ill. 2d 533.)

All counts of an indictment may be considered and taken as a whole in assessing whether it accomplishes those purposes. (*People v. Kamsler* (1966), 67 Ill. App. 2d 33, 214 N.E.2d 562, *appeal denied* (1966), 33 Ill. 2d 628.) However, a defendant may not be convicted of a crime or sentenced for an offense not charged in an indictment. *People v. Brown* (1924), 312 Ill. 63, 143 N.E. 440.

■ In the instant case, defendants were adequately apprised that they were being charged with a felony of theft in excess of $300. Although count VIII charged both defendants with theft of only $300, count VII charged Freedman with theft of $1,500 and count IX, $500. The other counts charged both defendants with felonies (bribery and solicitation). Thus, looking at all counts of the indictment and taking it as a whole, it sufficiently accomplished the purposes of enabling defendants to prepare a defense and plead any judgment in bar of a subsequent prosecution for the same offense. (See *People v. Radford* (1967), 87 Ill. App. 2d 308, 232 N.E.2d 100, *appeal denied* (1968), 37 Ill. 2d 627.) In addition, because defendants were charged with a felony, the statute of limitations had not yet run. See Ill. Rev. Stat. 1983, ch. 38, par. 3—5(b).

Accordingly, the trial court's dismissal of count VIII, charging defendants with theft by deception, is also reversed.

Lastly, defendants contend that the *nolle prosequi* sought and obtained by the State was improperly motivated and denied defendants their right to a speedy trial so that the trial court properly dismissed the entire indictment. We disagree.

■ When a charge against a defendant is dismissed and he is later reindicted on the same offense, the issue is whether the circumstances indicate a realistic likelihood of vindictiveness by the State. If they do, then the speedy trial rule prevents reindictment. (*People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951.) Prosecutorial vindictiveness occurs when reindictment subjects a defendant to increased sanctions or when reindictment occurs after the State has nol-prossed part of an indictment and the defendant has successfully appealed his conviction. (*People v. Johnson* (1981), 102 Ill. App. 3d 1056, 430 N.E.2d 207; see also *People v. Olson* (1984), 128 Ill. App. 3d 560, 470 N.E.2d 1176, *appeal denied* (1985), 101 Ill. 2d 592.) Reindictment appears vindictive in such circumstances because the prosecu-

tion is retaliating from the defendant's successful appeal by reindicting. Such conduct by prosecutors creates an enormous potential for discouraging defendants from appealing legitimately for fear of greater or additional offenses arising out of the same cause of action. *People v. Johnson* (1981), 102 Ill. App. 3d 1056, 430 N.E.2d 207.

■ However, the State is not always barred from reindicting after it requests a *nolle prosequi*. The State has the power to nol-pros a charge at any time, without stating a reason, as long as the court consents and approves of it. The inquiry on review of the prosecutor's decision to do so is whether he abused his power. Such abuse exists when reindictment after a *nolle prosequi* is capriciously or vexatiously repetitious or causes substantial prejudice to the defendant. *People v. Olson* (1984), 128 Ill. App. 3d 560, 470 N.E.2d 1176, *appeal denied* (1985), 101 Ill. 2d 592; *People v. Verstat* (1983), 112 Ill. App. 3d 90, 444 N.E.2d 1374.

■ We find, in the case at bar, that the State's request for a *nolle prosequi* and subsequent reindictment of defendants were not vindictively motivated. The record in the instant case shows only that the State originally moved to dismiss the charges against defendants in light of the Federal charges that were subsequently filed against them; that no reason was given for the *nolle prosequi* at that time; that the *nolle prosequi* was sought prior to defendants' demand for trial; and that defendants were subsequently reindicted after the district court dismissed the Federal charges. The reindictment did not subject defendants to increased sanctions, nor were they reindicted after successfully appealing a conviction. Thus, the potential for discouraging defendants from appealing for fear of prosecutorial retaliation simply does not exist in this case.

■ Additionally, we find that defendants' statutory right to a speedy trial was not violated. The speedy trial statute is not operative unless charges are pending against a defendant. (*People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951; *People v. Toney* (1978), 58 Ill. App. 3d 364, 374 N.E.2d 695, *appeal denied* (1978), 71 Ill. 2d 605.) The statute specifically requires that an accused be in "custody" in order to invoke the 120-day period. (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a).) In order to invoke the 160-day period, the accused must be out on "bail or recognizance" and must demand trial. (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(b).) However, such a demand is meaningless when made at a time no charges are pending upon which the defendant can be tried. (*People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951; *People v. Toney* (1978), 58 Ill. App. 3d 364, 374 N.E.2d 695, *appeal denied* (1978), 71 Ill. 2d 605.) Furthermore, "[i]t is

scarcely realistic to suppose that a citizen, free from criminal charges, wants or deserves a speedy trial." *United States v. Samples* (7th Cir. 1983), 713 F.2d 298, 301.

In the case at bar, defendants were not in custody, on bond or recognizance during the period of time after the *nolle prosequi* was granted and the State reindicted. Therefore, the speedy trial statute did not apply to them. Furthermore, their demand for trial, after the State requested the *nolle prosequi*, was meaningless because at that point no charges were pending against them. In addition, there is no evidence in the record to show that the *nolle prosequi* was undertaken to evade the statute. Therefore, the trial court's dismissal of the entire indictment must also be reversed.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

QUINLAN, P.J., and BUCKLEY, J., concur.