THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILFRED DECATUR, Defendant-Appellee.

First District (1st Division)   No. 1—88—0992

Opinion filed December 4, 1989.

Richard M. Daley, State's Attorney, of Chicago (Gael M. O'Brien, Special Assistant State's Attorney, and Inge Fryklund, Assistant State's Attorney, of counsel), for the People.

Randolph N. Stone, Public Defender, of Chicago (Timothy J. Leeming and James H. Reedy, Assistant Public Defenders, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

The State appeals from the circuit court's order dismissing defendant's indictment for delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c)), arguing that the circuit court erred when it determined that defendant's statutory right to a speedy trial had been denied.

On January 20, 1987, defendant was arrested for possession of a controlled substance. At the preliminary hearing on February 9, 1987, defendant was in custody and demanded trial. The State advised the court that the laboratory analysis of the substance recovered from defendant had not yet been completed. Since defendant refused to enter a stipulation regarding the substance, the State requested a con-

tinuance to obtain the results. The court denied the request, and for this reason the State chose to nol-pros the charge. Defendant was released from custody.

Eleven days later, on February 20, 1987, the State obtained the laboratory analysis of the substance that had been recovered from defendant. Despite the fact that all of the evidence was within the State's control as of that date, defendant was not reindicted and rearraigned on the same charge until October 13, 1987, nearly eight months later. On January 28, 1988, defendant filed a motion requesting that this new indictment against him be discharged based upon the State's failure to comply with the statutory provision that guarantees a speedy trial. (Ill. Rev. Stat. 1985, ch. 38, par. 103—5.) On March 1, 1988, the circuit court granted defendant's motion, ruling that defendant's right to a speedy trial had been "usurped" by the State's actions. The circuit court found that the delay in bringing defendant to trial had been occasioned by the State's lack of due diligence in prosecuting the case and that the State's decision to nol-pros the case at the time of the preliminary hearing was clearly a measure calculated and designed to circumvent the statutory provisions that guarantee a defendant a speedy trial once he has been charged with a crime. We must disagree.

■ Sections 103—5(a) and (b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, pars. 103—5(a), (b)), known as the speedy-trial statute, provide, in general, that a person who is incarcerated must be tried within 120 days from the date he was taken into custody and that a person who is released on bail or recognizance must be tried within 160 days of his demand for trial. The speedy-trial statute is not operative unless charges are pending against the defendant. The 120-day period may be invoked only when the defendant is "in custody," and the 160-day period may be invoked only when the defendant is out on bail or recognizance and has demanded trial. *People v. Freedman* (1987), 155 Ill. App. 3d 469, 474, 508 N.E.2d 326.

■ In *People v. Sanders* (1980), 86 Ill. App. 3d 457, 466, 407 N.E.2d 951, the court recognized that cases involving the application of the speedy-trial provisions when charges have been dismissed and reinstated typically fall into one of three categories: (1) those cases where the charges are dismissed upon a judicial determination at the preliminary hearing that no probable causes exists and the State subsequently refiles the charges; (2) those cases where the charges are dismissed upon the State's request that they be stricken with leave to reinstate (SOL) and the State later reinstates the charges; and (3) those cases where the State chooses to nol-pros the charges that have

been filed and then later refiles the same charges. Whether the statutory term under the speedy-trial statute continues to run, whether it is tolled or whether it begins to run anew with the subsequent filing has usually turned on a determination of which of the three above-described dispositions is involved. As will be discussed below, there is clearly a rationale for distinguishing between the treatment of the cases based on the type of disposition obtained or requested by the State.

When charges against a defendant are dismissed by the court for a lack of probable cause, a judicial determination has been made in favor of the defendant. It is not a voluntary act by the State. The State may begin to prosecute the defendant again only by refiling the charges after obtaining additional evidence. Because a defendant would no longer be in custody or on bail or recognizance after a dismissal for lack of probable cause, the speedy-trial statute no longer is applicable. Furthermore, in this type of dismissal, the State clearly has little opportunity to manipulate the proceeding or purposely evade the operation of the statutory term. (*People v. Toney* (1978), 58 Ill. App. 3d 364, 368, 374 N.E.2d 695; see also *People v. Gimza* (1977), 56 Ill. App. 3d 477, 371 N.E.2d 1135.) For these reasons the statutory period has been held to begin anew with the new filing.

When charges have been SOL, it has been said that "the charges continue to lie against the accused, albeit in a dormant state, and they may be resurrected upon the State's motion at any time." (*People v. Griffin* (1978), 58 Ill. App. 3d 644, 646, 374 N.E.2d 1031.) Because charges that are SOL are still pending against the defendant and the prosecution is not effectively terminated, but merely suspended for a time, the statutory speedy-trial term will be deemed to continue to run, assuming of course that defendant is in custody or has demanded trial. *People v. Griffin*, 58 Ill. App. 3d at 646.

In the third situation, where the State requests a *nolle prosequi* on charges that have been brought against a defendant, the effect is to terminate the proceedings with respect to those charges. As a result, defendant is free to go and to do as he pleases and is not required to post bond or to enter into a recognizance to appear at another time. Furthermore, if the charges are nol-prossed before jeopardy attaches, subsequent prosecution of the identical charges is permitted. *People v. Watson* (1946), 394 Ill. 177, 68 N.E.2d 265.

Because charges that have been nol-prossed are not pending and because defendant is neither in custody, nor on bail or recognizance, the situation is akin to an involuntary dismissal for lack of probable cause. By the same token, because the decision to nol-pros lies within

the "unfettered discretion" of the State's Attorney and could be used to manipulate the proceedings, charges that have been nol-prossed are treated somewhat differently. (*People v. Sanders*, 86 Ill. App. 3d at 467.) In these instances the speedy-trial term is tolled during the period of time that the charges are no longer pending and defendant is neither in custody nor on bail or recognizance. The clock will continue to run once again with the refiling of the charges that were previously nol-prossed. *People v. Sanders* (1980), 86 Ill. App. 3d 457.

■ Notwithstanding the fact that the statutory term will generally be deemed tolled by a *nolle prosequi*, the State's absolute power to request this type of disposition requires an additional inquiry to determine whether the State is abusing this power and whether the refiling was vexatious, repetitious or employed to manipulate the proceedings in order to evade or frustrate the purpose of the speedy-trial statute. (*People v. Freedman*, 155 Ill. App. 3d at 474; *People v. Olson* (1984), 128 Ill. App. 3d 560, 470 N.E.2d 1176; *People v. Verstat* (1983), 112 Ill. App. 3d 90, 444 N.E.2d 1374.) If it is determined that the State engaged in technical maneuvering or that the State procured the *nolle prosequi* to cause delay or avoid statutory limitations, the speedy-trial term will not be deemed tolled. Rather, in those instances the statutory term will continue to run as of the date of the first filing or the first demand for trial. See *People v. Christensen* (1984), 102 Ill. 2d 321, 329, 465 N.E.2d 93; *People v. Fosdick* (1967), 36 Ill. 2d 524, 528, 224 N.E.2d 242.

■ In the present case, the trial court held that the State engaged in technical maneuvering and purposeful evasion of the speedy-trial statute as evidenced by the State's failure to resume prosecution of defendant until October 1987. Because the State nol-prossed the charges brought against defendant on February 9, 1987, due to the unavailability of the chemical analysis of the substance allegedly possessed by defendant and believed to be a controlled substance, and because the State subsequently received the completed laboratory report on February 20, 1987, within 11 days of the *nolle prosequi*, the trial court held that the State had "usurped" defendant's rights and refused to toll the statutory term after the *nolle prosequi* had been obtained. Instead, the court held that the statutory term had continued to run from the time of defendant's first speedy-trial demand and, thus, discharged him.

We agree that the State's motivation for requesting a *nolle prosequi* is relevant, material and sometimes crucial to the inquiry when determining whether there has been a violation of defendant's statutory right to a speedy trial. A mechanical application of the rules

should not be employed based upon the language used or the type of disposition requested by the State. By the same token, we fail to see how the State's decision to nol-pros charges brought against defendant, which was necessitated by the lack of sufficient competent evidence against him at the time of the preliminary hearing, may be equated to a purposeful evasion or tactical maneuvering employed by the State to avoid the restrictions of the speedy-trial statute.

When a defendant is arrested for the alleged commission of a crime, a timetable is automatically set into motion. This timetable requires that certain events take place in order to assure that the accused is not being held without cause and is afforded his due process rights under the laws of this State as well as under the United States Constitution. If the State is admittedly unable to meet this timetable and to go forward, it has an obligation to release defendant. At the same time, the State has an obligation to the community at large to prosecute violations of the law so as to protect its citizenry. We believe that in order for the State to be able to meet these dual obligations, there must be a higher standard or greater showing to indicate that the dismissal of charges lodged against an accused was occasioned by the State for the sole purpose of delay, harassment of the defendant or to deliberately avoid the statutory restrictions. The mere fact that the State was unable to go forward at the time of the preliminary hearing because of the unavailability of certain proofs does not, in our view, equate with a deliberate stall tactic or purposeful evasion. Furthermore, once the State possesses all the evidence that is necessary to obtain a conviction, the State need not commence prosecution immediately, the only limitations being the statutory ones applicable to the type of offense being charged.

In short, we find that when the prosecutor requests a *nolle prosequi* on charges filed against a defendant and this request is granted by the court and the defendant is released from custody, bail or recognizance, the statutory speedy-trial term is tolled until such time as the identical charges are refiled and defendant is once again taken into custody or otherwise held within the jurisdiction of the court. In order for this tolling of the statute to be inoperative, there must be a clear showing that the State sought the *nolle prosequi* to gain some tactical advantage over defendant that would place him in a more disadvantageous position, or to otherwise harass or to prejudice defendant so as to avoid or frustrate his interests which the speedy-trial right was designed to protect. These interests are: (1) to prevent oppressive pretrial incarceration; (2) to minimize the accused's anxiety and concern; and (3) to limit the possibility that the defense may be impaired.

*Barker v. Wingo* (1972), 407 U.S. 514, 532, 33 L. Ed. 2d 101, 118, 92 S. Ct. 2182, 2193; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 472, 407 N.E.2d 951.

■ Clearly, in this case no such showing was made. There is no evidence that the State's delay in refiling the charges against defendant was motivated by anything other than time restraints occasioned by a high volume of cases. In addition, there is no showing that the purposes of the speedy-trial right were frustrated by the *nolle prosequi* requested in this case. Defendant did not suffer the oppression of extensive pretrial incarceration, nor was he made to live under a constant threat or anxiety of prosecution, as he would have been had the charges been still pending. Even though the accused was probably aware that the State intended to pursue the matter at a later date, the fact remains that the State was required to obtain another indictment or otherwise to commence the proceedings anew. In the meantime, defendant was in no better or worse position than he was before the original charges were brought. Furthermore, the fact that the State could have commenced prosecution sooner but did not do so does not necessarily mean that the State was derelict in its duty, nor does it imply that some sinister motivation was at play. We note that our decision on this matter is in agreement with the recent opinion issued by the sixth division of this court in *People v. Daniels* (1989), 190 Ill. App. 3d 224.

■ For similar reasons defendant has not shown an infringement of his State constitutional right to a speedy trial. Relying on *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, and *People v. Henry* (1970), 47 Ill. 2d 312, 265 N.E.2d 876, the court in *Sanders* held that "[d]etermination of whether [a] defendant's constitutional right to a speedy trial has been violated requires consideration of four factors: (1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of his right; and (4) prejudice to defendant." (*Sanders*, 86 Ill. App. 3d at 471.) The delay of approximately eight months is not presumptively prejudicial, and defendant has not demonstrated how his case was prejudiced by the delay.

The order of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

O'CONNOR and BUCKLEY, JJ., concur.