THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEONARD STAFFORD, Defendant-Appellant.

First District (6th Division)   No. 1—99—1770

Opinion filed October 26, 2001.

Michael J. Pelletier and Deborah Israel, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Annette Collins, and Karin V. Pettit, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a jury trial, defendant Leonard Stafford was convicted of first degree murder and sentenced to 32 years' imprisonment. Defendant contends the State violated his constitutional rights to due process and a fair trial by proceeding to trial against him on five counts of attempted murder that had been nol-prossed three years earlier but were never reinstated by reindictment. Defendant also contends that the following errors require reversal: (1) admission of hearsay evidence regarding identification; and (2) the trial court's misleading response to a series of questions from the jury. Defendant further argues that his sentence is excessive. Allowing the State to proceed to trial on five counts of attempted murder that had been nol-prossed and never reinstated violated defendant's right to a fair trial. We reverse and remand for retrial.

## I. BACKGROUND

Defendant's conviction for murder arose from the November 29, 1994, shooting death of Antonio Burgos in Chicago. On February 16, 1995, a grand jury indicted defendant on two counts of first degree murder, five counts of attempted first degree murder, and five counts of aggravated discharge of a firearm. On January 29, 1996, before proceeding to the first trial of this case, the State nol-prossed all of the counts except the two counts of first degree murder. Defendant then proceeded to a bench trial. He was found guilty of first degree murder and sentenced to 32 years in prison.

On appeal, defendant contended that the trial court erred in denying his motions to suppress statements, to quash arrest, and to suppress the lineup and identification evidence. We affirmed the trial court's determinations that probable cause existed to arrest defendant and that the lineup was not unnecessarily suggestive. However, we found that defendant's statements to the police on the night of his arrest were not voluntary and remanded for a new trial. *People v. Stafford*, No. 1—96—1307 (1998) (unpublished order under Supreme Court Rule 23).

On March 23, 1999, the date jury selection commenced for the second trial, the State informed the trial court that it would be proceeding on the two first degree murder counts and five attempted murder counts. Defense counsel objected as follows:

"THE COURT: So, the State intends to nolle Count 1?

[ASSISTANT STATE'S ATTORNEY]: Counts—I want to make sure I have this right, 8 through 12, your Honor, which are all the aggravated discharge counts.

THE COURT: All right. Well, I am going to have to use this.

[ASSISTANT STATE'S ATTORNEY]: Fine.

THE COURT: Counsel, now,—

[DEFENSE COUNSEL]: Just discussing with her that earlier in the case the State's Attorney before the stipulated bench trial that we had in front of Judge Egan, they nolled, I believe all but the first two counts which would be 1 and 2.

[ASSISTANT STATE'S ATTORNEY]: Judge, I am unaware of that if that's, in fact, what happened. I would be [going] forward on Counts 1 through 7.

THE COURT: Right."

On March 24, 1999, before jury selection continued, defendant filed a motion to dismiss the attempted murder counts and argued the motion in court. Defendant asserted that because he had not been reindicted on the five charges of attempted murder, the State was legally precluded from proceeding to trial against defendant on those counts. The State countered with a request that the counts be allowed to be reinstated "based upon the fact that no double jeopardy, in fact, attached here." Defendant argued in response that oral motions to reinstate are not permissible. Following a short recess, the trial court denied defendant's motion to dismiss and allowed the State to proceed on the attempted murder charges.

On both days of jury selection, the trial court summarized the indictment for the members of the venire, informing them that defendant was charged with the first degree murder of Antonio Burgos and the attempted murders of Nelson Denis, Ricardo Crespo, and Christopher Stewart. Defendant was charged with the attempted murder of Pedro Castillo in two separate counts. In opening statements, the assistant State's Attorney told the jurors that, at the close of the case, she would ask them to find defendant guilty of the first degree murder of Burgos and the attempted murders of the other four men. During the course of the trial, the State presented evidence of the alleged attempted murders. Castillo testified that defendant shot at him, Burgos, Denis, and Crespo four times on the street and that defendant shot at him once in an alley. Crespo further indicated that defendant pointed a gun at him, Burgos, Denis, and Castillo and fired it three to

four times. Denis, who was called as a witness for the defense, testified on cross-examination that defendant fired four to five shots at him, Burgos, Castillo, and Crespo.

Following the close of evidence, the trial court considered the proposed jury instructions. After discussion with the attorneys, during which defense counsel again argued that the attempted murder charges were improper, the trial court indicated that it would not instruct the jury on those charges. In explaining its action, the trial court stated, "What I've done and apparently there's no disagreement, but with respect to the attempt murder counts, those instructions won't be given. And so the instructions have been modified to remove any reference to these charges. And furthermore, I've pulled out the verdict forms for attempt murder." Following further discussion, defense counsel moved for a directed verdict of acquittal, which was denied. Defense counsel then moved for mistrial, stating as follows:

> "We really do appreciate and respect the Court's reconsidering our objection to the attempt murder instructions. Those instructions will not be given. And—but in our view we want the record to be clear we don't believe that clears the error [defendant] has already suffered as a result of the State's improper proceeding on those counts.
>
> The Court advised the jury before the case began that he was charged with attempt murder. In fact he was not charged with attempt murder at the time. And we believe that that's, the Court's admonition to the jury followed by the State's improper opening comments reiterated he was charged with attempt murder and proceeding to introduce evidence of attempt murder, your Honor, we think has contaminated the proceedings in a way that the Court's sustaining of our objection to the attempt murder count does not entirely cure it."

The trial court denied defendant's motion for mistrial. In doing so, the trial court stated that the fact the attempted murder instructions would not be given could operate to defendant's benefit and that it was not unusual for counts to be dismissed after the close of the State's case.

The trial court thereafter instructed the jury, which, after deliberating, found defendant guilty of first degree murder. Defendant filed a posttrial motion, arguing that he should be granted a new trial because the State tried him on charges of attempted murder that had been nol-prossed by the State in January 1996 and defendant was never reindicted. The trial court denied the motion. Defendant was sentenced to 32 years' imprisonment.

## II. ANALYSIS

Defendant's first contention is that, at his second trial, the State

improperly proceeded against him on the five counts of attempted murder that had been dismissed as the result of the State's motion for entry of a *nolle prosequi* on January 29, 1996, immediately prior to his first trial. Defendant contends that the State violated his constitutional rights to due process and a fair trial by proceeding to trial against him on five counts of attempted murder that had previously been nol-prossed in 1996 and had never been reinstated by reindictment. Defendant argues that the trial court's decision not to instruct the jury on attempted murder did not cure the prejudice, as he was burdened throughout the trial by the task of defending himself against criminal charges that were not pending against him. Defendant further contends that the State's murder case was bolstered when the jury was exposed to accusations, argument, and evidence that he had committed the crimes of attempted murder that had never been reinstated against him by reindictment.

■ We review the record *de novo* because the issue regarding the attempted murder charges raises pure questions of law. *People v. Daniels*, 187 Ill. 2d 301, 307 (1999). The State's motion for *nolle prosequi* is the formal entry of record by the State by which it declares that it is unwilling to prosecute a case. *Daniels*, 187 Ill. 2d at 312. *Nolle prosequi* functions to dismiss the indictment or charge as to which it is entered and to terminate all further prosecution under the dismissed indictment or charge. *People v. Woolsey*, 139 Ill. 2d 157, 168 (1990). When an indictment is nol-prossed, no criminal charges remain pending against the defendant and the State must file a new charging instrument in order to reinstate its prosecution. *Woolsey*, 139 Ill. 2d at 168. The Illinois Constitution provides that no person shall be prosecuted for a crime punishable by death or imprisonment unless the charge has been brought by grand jury indictment or pursuant to a preliminary hearing. Ill. Const. 1970, art. I, § 7. The United States Supreme Court has indicated that pursuant to the fifth amendment, a court cannot permit a defendant to be tried on charges that are not brought in the indictment against him. *Stirone v. United States*, 361 U.S. 212, 215-17, 4 L. Ed. 2d 252, 256, 80 S. Ct. 270, 272-73 (1960).

■ Here, before the first trial, the State nol-prossed all of the attempted murder charges pending against defendant. The decision to nol-pros is within the discretion of the State's Attorney. *People v. Fosdick*, 36 Ill. 2d 524 (1967). The *nolle prosequi* by the State in 1996 terminated the five attempted murder charges before evidence was heard at the first bench trial in this case. The State was required to file a new charging instrument in order to prosecute defendant for those charges in the context of this case. *People v. Woolsey*, 139 Ill. 2d at 163; *People v. Sanders*, 86 Ill. App. 3d 457, 469 (1980). At no time

did the State reindict defendant on those charges. There were no attempted murder charges legally in existence at the point in time when the State proceeded to jury selection and trial in this case. Therefore, the State's action in prosecuting defendant for the five attempted murder charges at defendant's second trial was improper, and the trial court erred in allowing the State to proceed as if those charges were legally in existence.

The State argues that the trial court's decision not to instruct the jury on any of the five attempted murder charges cured any prejudice to defendant. We disagree. Until the day of jury selection, defendant and his trial counsel were unaware that the State intended to go forward on the charges of attempted murder. Defendant did not expect to be prosecuted on those charges at trial because the attempted murder charges had been nol-prossed three years earlier. Defendant was unfairly forced to defend himself against charges that were not even pending against him at the time of his jury trial in violation of his constitutional rights. U.S. Const. amends. V, XIV; Ill. Const. 1970, art. I, § 7.

Before trial began, the jury venire was informed by the trial court that defendant was charged with the first degree murder of Burgos and the attempted murders of Denis, Castillo, Crespo, and Stewart. In opening statements, the assistant State's Attorney told the jurors that she would be asking them at the close of the case to find defendant guilty of the first degree murder of Burgos and the attempted murders of the four other men. During the trial, the State presented evidence of attempted murder as to each of the victims who were also witnesses at the trial.

A defendant cannot be prosecuted for charges that are not brought by grand jury indictment or pursuant to a preliminary hearing. Ill. Const. 1970, art. I, § 7; U.S. Const. amends. V, XIV. The purpose of the indictment process is to afford the accused protection against surprise, unfairness, and inadequate preparation. The trial court's decision, after the close of the evidence, not to instruct the jury on the five attempted murder charges could not eliminate the prejudice caused defendant by the surprise, unfairness, and inadequate opportunity for preparation. At that point in the proceeding, the evidence concerning those five charges had been heard by the jury. Defense counsel did not have the opportunity to prepare a defense to the five charges of attempted murder before the evidence was admitted. We cannot say the prejudice resulting from surprise, inadequate preparation, and the lack of opportunity before trial to investigate the circumstances surrounding the five attempted murder charges was harmless beyond a reasonable doubt. The State violated Stafford's constitutional rights to

due process and a fair trial by proceeding against him on five counts of attempted murder that had been nol-prossed in 1996 but were never reinstated by reindictment. Accordingly, we reverse the judgment of the circuit court and remand for a new trial.

Defendant's remaining contentions are that he was prejudiced by the admission of hearsay evidence at trial; that the trial court gave a misleading response to a series of questions from the jury; and that his sentence is excessive. Defendant also argues that because the State acted vindictively when it proceeded against him on the five counts of attempted murder after he had successfully asserted his right to appeal, the murder conviction must be reversed and the case remanded for retrial. Given our disposition in this case, we need not address these arguments.

## III. CONCLUSION

Based on the record, we find the evidence presented by the State was sufficient to prove defendant guilty beyond a reasonable doubt of murder; therefore, defendant faces no risk of double jeopardy on retrial for the murder of Antonio Burgos. *People v. Cruz*, 162 Ill. 2d 314, 374 (1994). Regarding the five counts of attempted murder, we are mindful that after charges are terminated by entry of an order of *nolle prosequi*, reindictment is prohibited if the circumstances indicate a realistic likelihood of vindictiveness by the State. *People v. Freedman*, 155 Ill. App. 3d 469, 473 (1987). This court has held that prosecutorial vindictiveness occurs when reindictment would subject a defendant to increased sanctions or when reindictment takes place after the State has terminated part of an indictment by way of motion for an order of *nolle prosequi* and the defendant has successfully appealed his conviction. *Freedman*, 155 Ill. App. 3d at 473, citing *People v. Johnson*, 102 Ill. App. 3d 1056 (1981). Under such circumstances, reindictment is vindictive because the State is retaliating from the defendant's successful appeal by reindicting. *Freedman*, 155 Ill. App. 3d at 474. "Such conduct by prosecutors creates an enormous potential for discouraging defendants from appealing legitimately for fear of greater or additional offenses arising out of the same cause of action." *Freedman*, 155 Ill. App. 3d at 474. When there is a realistic likelihood of vindictiveness, the State bears the burden of demonstrating objective, on-the-record facts which justify a decision to prosecute charges previously nol-prossed. *Johnson*, 102 Ill. App. 3d at 1061.

For the reasons stated above, we reverse the judgment of the circuit court and remand for a new trial on first degree murder.

Reversed and remanded.

COHEN, P.J., and McNULTY, J., concur.