NOTICE
Decision filed 02/01/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190240-U

NO. 5-19-0240

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 08-CF-274 |
| | ) | |
| CARL D. RUSS, | ) | Honorable |
| | ) | Cord Z. Wittig, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*: The postconviction court did not err in dismissing the defendant's amended petition for postconviction relief at the second stage of proceedings. The defendant failed to make a substantial showing of a constitutional violation of his right to effective assistance of appellate counsel.

¶ 2    The defendant appeals the trial court's dismissal of his amended petition for postconviction relief at the second stage of postconviction proceedings. The defendant claims that his amended petition made a substantial showing of a constitutional violation. In support of this argument, the defendant argues that appellate counsel provided ineffective assistance of counsel because appellate counsel failed to raise a claim of

1

ineffective assistance by defendant's trial counsel. For the following reasons, we affirm the trial court's judgment.

¶ 3                                    BACKGROUND

¶ 4    On September 17, 2008, the defendant was charged with one count of criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 2008)) and one count of aggravated criminal sexual abuse (720 ILCS 5/12-16(b) (West 2008)). On December 19, 2008, the State filed an amended information charging the defendant with 2 additional counts of criminal sexual assault and 22 additional counts of aggravated criminal sexual abuse. The State alleged throughout the charges that the defendant had sexually abused his stepson between June 25, 2008, and September 9, 2008.

¶ 5    On December 22, 2008, the defendant entered a plea of guilty pursuant to an agreement negotiated with the State. The defendant agreed to plead guilty to one count of criminal sexual assault, count III of the amended information. In exchange for his plea to count III, the remaining charges were nol-prossed,[1] and the State recommended a sentence of 12 years in the Illinois Department of Corrections (IDOC). The defendant also agreed to waive his right to appeal and signed a document titled, "Waiver of Appeal." This document indicated that if a motion to withdraw the guilty plea was allowed, then "upon the request of the State any charges that may have been dismissed as a part of a plea agreement would be reinstated and would also be set for trial." While admonishing the defendant regarding his waiver of appeal, the trial court advised the defendant that if the

_____

[1]*Nolle prosequi* is a Latin term which means "not to wish to prosecute." Black's Law Dictionary (11th ed. 2019). The term is often shortened to "nolle." Black's Law Dictionary (11th ed. 2019).

2

trial court granted a motion to withdraw the defendant's plea of guilty, "then we would have a trial on this count, and all of the other counts that were nolle'd would be reinstated." The trial court subsequently accepted the defendant's plea to count III and sentenced the defendant to 12 years in IDOC, followed by 2 years of mandatory supervised release. The remaining charges were nol-prossed.

¶ 6     On January 16, 2009, the defendant filed a *pro se* motion to withdraw his guilty plea, alleging that he received ineffective assistance of counsel. New counsel was appointed for the defendant, and his trial counsel filed a supplement to the defendant's motion. During a hearing on the motion, the following colloquy occurred between the defendant and his counsel:

> "Q. Okay. What did you think was going to happen to all those other charges, the other 25?
>
> A. They would come back up. If I went to trial?
>
> Q. Yes.
>
> A. They would probably be brought back up."

When the State cross-examined the defendant, the following exchange occurred:

> "Q. Now, Mr. Russ, you understand if your plea of guilty is withdrawn that all of these—
>
> A. I want to go to trial.
>
> Q. —all of these—
>
> A. I don't care.
>
> Q. —charges come back?

3

A. I don't care. This is my life.

\*\*\*

Q. And you understand that a total of—

A. Twenty-six.

Q. —26—

A. —twenty-five more charges you brought back and I'm ready for them.

Q. —counts of aggravated criminal sexual assault you will be facing?

A. I don't care. I want to face them. I want to face them. I've been in Harrisburg all my life and I ain't never been in trouble. Prove me guilty. In the name of Jesus prove me guilty."

Following the hearing, the trial court denied the defendant's motion to withdraw his guilty plea. The defendant appealed.

¶ 7    On appeal, this court held that the two years of mandatory supervised release imposed by the trial court was not authorized by the statute, rendering the defendant's plea of guilty and sentence void. This court vacated the defendant's plea and sentence and remanded the case for further proceedings. See *People v. Russ*, No. 5-09-0569 (2011) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8    On remand, the defendant elected to proceed to a jury trial. The record does not show that the State refiled the nol-prossed charges or filed a motion seeking to reinstate the charges.

¶ 9    On May 13, 2011, the State filed a "Motion to Allow Testimony Via Closed Circuit Television Pursuant to 725 ILCS 5/106B-5." Therein, the State asserted that "the offenses

4

charged are three counts of Criminal Sexual Assault and 23 counts of Aggravated Criminal Sexual abuse [*sic*]." At a hearing on this motion, the defendant's trial counsel acknowledged that he had reviewed the State's motion which contained the reference to additional counts.

¶ 10   On August 24, 2011, the defendant's jury trial commenced. Prior to jury selection, the trial court informed the venire that the State had filed an information against the defendant which contained 26 counts. The trial court then read each count set forth in the amended information to the jury. During the evidentiary portion of the defendant's trial, the State presented evidence on all of the counts in the information. The defendant's counsel cross-examined all but one witness. After the close of the State's evidence, the defendant's counsel moved for a directed verdict. Defendant's counsel stated that "we have 26 counts pled here" and argued that the State's evidence was insufficient to support a conviction for all counts. The defendant did not present any evidence. The jury found the defendant guilty of all 26 counts. A summary of the evidence presented at the defendant's trial can be found in our prior disposition, *People v. Russ*, 2016 IL App (5th) 140362-U.

¶ 11   On August 29, 2011, the defendant's counsel filed a posttrial motion for a new trial. In this motion, defense counsel renewed the defendant's motion to suppress statements; renewed the defendant's motion for a directed verdict made at trial; and renewed his objections at trial based upon hearsay, foundation, and relevance.

¶ 12   On September 21, 2011, the defendant filed a *pro se* motion for a new trial alleging, *inter alia*, that he had been denied effective assistance of counsel. The defendant claimed that his trial counsel never discussed the discovery materials with the defendant and failed

5

to investigate and present favorable evidence, including two medical reports. The defendant also claimed that defense counsel did not call 16 witnesses at trial, which included some witnesses that had testified for the State. The defendant further alleged that defense counsel failed to effectively cross-examine witnesses; failed to object to the State's evidence; and "suggested" that the defendant not testify, despite his wish to do so.

¶ 13 On November 1, 2011, while the defendant's posttrial motions were pending, the trial court held a sentencing hearing. The trial court sentenced the defendant to three consecutive 13-year terms of imprisonment on the three criminal sexual assault convictions. Additionally, the defendant was sentenced to five years' imprisonment on each of the aggravated criminal sexual abuse convictions, to be served concurrently with each other and with the three sentences for the criminal sexual assault convictions.

¶ 14 On February 14, 2012, following a hearing, the trial court denied the defendant's motion for new trial. The trial court did not inquire into, or rule on, the defendant's *pro se* claims of ineffective assistance of counsel.

¶ 15 The defendant appealed his convictions, claiming that the trial court failed to conduct a preliminary inquiry into his *pro se* posttrial claims of ineffective assistance of counsel, as required by *People v. Krankel*, 102 Ill. 2d 181 (1984). The State conceded error, and we remanded the case back to the trial court for the limited purpose of conducting a preliminary inquiry into the defendant's *pro se* claims of ineffective assistance of counsel. See *People v. Russ*, No. 5-12-0236 (2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

6

¶ 16    On July 1, 2014, the trial court held a hearing to conduct a preliminary inquiry into the defendant's allegations of ineffective assistance of trial counsel. On July 3, 2014, the trial court denied the defendant's *pro se* motion for a new trial, finding that his claims of ineffective assistance of counsel lacked merit and pertained to matters of trial strategy. The defendant appealed.

¶ 17    The defendant's sole contention on appeal was whether the trial court erred in denying his *pro se* posttrial motion for a new trial because he raised a nonspurious claim alleging that defendant's counsel possibly neglected his case. This court affirmed the trial court's judgment. See *Russ*, 2016 IL App (5th) 140362-U.

¶ 18    In June 2016, the defendant began inquiring about whether the State had refiled the nol-prossed charges. The defendant sent a letter to the clerk of the circuit court asking whether the defendant had been indicted between March 4, 2011, and August 24, 2011. The defendant subsequently requested that the state's attorney's office provide him with, *inter alia*, "[a]ny and all documents relating to Indictments or Information of charges between January 2009 through August 2011 in regards to this case." The state's attorney's office responded to the defendant's request and indicated that no such documents existed.

¶ 19    On August 29, 2016, the defendant filed a petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2016)). The defendant alleged that his convictions for counts I, II, and IV through XXVI were void because the trial court lacked subject matter jurisdiction and that the defendant's rights to due process and a fair trial had been violated. The defendant argued that counts I, II, and IV through XXVI had been previously dismissed and were not reinstated. The defendant

7

attached a copy of his plea of guilty form, his letter to the state's attorney's office, and the response received from the state's attorney's office. On October 17, 2016, the defendant filed a second petition for relief from judgment pursuant to section 2-1401(f), raising the same arguments. The State filed a motion to dismiss.

¶ 20 On March 1, 2017, the trial court entered an order dismissing the defendant's petition for relief from judgment as untimely. The trial court also found that if the court had lost jurisdiction over the counts that had been nol-prossed, the defendant revested the court with jurisdiction over these counts by actively participating in the proceedings. The defendant appealed but subsequently moved to dismiss the appeal. This court granted the defendant's motion to dismiss the appeal, and the appeal was dismissed.

¶ 21 On June 5, 2017, the defendant filed a *pro se* postconviction petition. The defendant's *pro se* petition was advanced to the second stage, and new counsel was subsequently appointed to represent the defendant. On December 26, 2018, postconviction counsel filed an amended petition for postconviction relief. The amended petition alleged that the defendant was convicted of uncharged criminal offenses because counts I, II, and IV though XXVI of the amended information had been dismissed and were never reinstated. The defendant argued that the defendant's trial counsel was ineffective for failing to raise this issue in any proceeding. The defendant further argued that appellate counsel was ineffective for failing to raise the issue in the direct appeal of the defendant's trial.

¶ 22 On March 4, 2019, the State filed a motion to dismiss the defendant's amended petition. On May 8, 2019, the trial court held a hearing on the State's motion to dismiss.

Following the hearing, the trial court entered an order dismissing the defendant's amended petition at the second stage of the postconviction proceedings.

¶ 23   In its order of dismissal, the trial court found that the defendant waived his postconviction claims of ineffective assistance of counsel and that the claims were barred by the doctrine of *res judicata*. The trial court further determined that the defendant's postconviction petition failed to make a substantial showing of a constitutional violation. The trial court agreed that the record did not show that the State formally requested that counts I, II, and IV through XXVI be reinstated. Nevertheless, the trial court concluded that the defendant had not made a substantial showing of a constitutional violation and offered three reasons for its determination. First, the trial court found that when this court ruled that the defendant's plea and sentence were void and remanded the case for further proceedings, the defendant's case returned to the same status it occupied prior to the plea. Simply put, it was as if the plea had never occurred. Next, the trial court found that it ultimately had jurisdiction "of all justiciable matters brought before it" which was unaffected by the defendant's plea, the appeal, and the remand for further proceedings. Finally, the trial court found that even if the court had lost jurisdiction, the defendant revested the court with jurisdiction by actively participating in the proceedings. The trial court stated that the defendant's conduct established that he intended to withdraw his plea of guilty on count III and proceed to a jury trial on all counts. The trial court determined that "[n]othing trial counsel did or failed to do prejudiced Defendant."

¶ 24   Regarding the defendant's claim of ineffective assistance of appellate counsel, the trial court found that the defendant did not make a substantial showing of ineffective

assistance of counsel. The trial court explained that because it had found that trial counsel was not ineffective, appellate counsel was, likewise, not objectively unreasonable for failing to raise issues in the defendant's direct appeal. This appeal followed.

¶ 25                                     ANALYSIS

¶ 26    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) sets forth a procedural mechanism by which a criminal defendant may claim that their conviction was the result of a substantial denial of their rights under the federal or state constitutions, or both. 725 ILCS 5/122-1(a) (West 2018). The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23.

¶ 27    At the first stage, the trial court independently reviews a defendant's petition to determine whether the petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018). If the petition is not dismissed at the first stage, it advances to the second stage, where the court may appoint counsel for an indigent defendant (725 ILCS 5/122-4 (West 2018)), and the State may either answer the petition or file a motion to dismiss (725 ILCS 5/122-5 (West 2018)). At the second stage, the trial court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *People v. Tate*, 2012 IL 112214, ¶ 10. If the petition makes no such showing, the petition is dismissed. *Tate*, 2012 IL 112214, ¶ 10. If the petition makes such a showing, however, the petition proceeds to the third stage, where the trial court may hold an evidentiary hearing. 725 ILCS 5/122-6 (West 2018).

¶ 28 Here, the defendant's petition was dismissed at the second stage of proceedings. At this stage, the trial court does not engage in fact-finding or credibility determinations but examines the postconviction petition to determine its legal sufficiency. *People v. Dupree*, 2018 IL 122307, ¶ 29. Any allegations not affirmatively refuted by the record must be taken as true. *Dupree*, 2018 IL 122307, ¶ 29. Review of the dismissal of a postconviction petition at the second stage is *de novo*. *Dupree*, 2018 IL 122307, ¶ 29. In reviewing the trial court's judgment, we may affirm on any basis supported by the record. *People v. Green*, 2012 IL App (4th) 101034, ¶ 30.

¶ 29 The defendant contends that the trial court erred in dismissing the defendant's amended petition at the second stage because his petition made a substantial showing that appellate counsel provided ineffective assistance of counsel. In determining whether counsel was ineffective, we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must demonstrate that counsel's performance was deficient, and that the defendant suffered prejudice as a result of the alleged deficiency. *People v. Edwards*, 195 Ill. 2d 142, 162 (2001). To establish that counsel's performance was deficient, a defendant must show that counsel's performance fell below an objective standard of reasonableness. *Edwards*, 195 Ill. 2d at 162. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceedings would have been different. *Edwards*, 195 Ill. 2d at 163. A reasonable probability is a probability sufficient to undermine confidence in the result of the proceedings. *Edwards*, 195 Ill. 2d at 163. Because a defendant's failure to satisfy either prong of the *Strickland* test will defeat a

11

claim of ineffective assistance of counsel, reviewing courts are not required to consider whether counsel's performance was deficient before determining whether a defendant was prejudiced as a result of the alleged deficiencies. *Edwards*, 195 Ill. 2d at 163.

¶ 30 Claims of ineffective assistance of appellate counsel are governed by the same standard as claims of ineffective assistance of trial counsel. *Edwards*, 195 Ill. 2d at 163. Appellate counsel is not required to raise every conceivable issue on appeal, and it is not incompetence for counsel to refrain from raising issues that counsel believes are without merit. *Edwards*, 195 Ill. 2d at 163-64. Thus, unless the underlying claim is meritorious, a defendant has suffered no prejudice from counsel's failure to raise the particular claim on appeal. *Edwards*, 195 Ill. 2d at 164.

¶ 31 Here, the defendant alleges that appellate counsel was ineffective for failing to claim in his direct appeal that his trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant. The defendant also alleges ineffective assistance by his trial counsel for counsel's failure to object to the defendant being prosecuted for 25 charges that had been previously nol-prossed by the State. The defendant further argues that because of trial counsel's ineffective assistance, the defendant's due process rights were violated. Initially, we consider the defendant's claim that the defendant's trial counsel provided ineffective assistance of counsel.

¶ 32 The Illinois Constitution provides that no person shall be held to answer for a crime punishable by death or imprisonment unless the charge has been brought by grand jury indictment or pursuant to a preliminary hearing. Ill. Const. 1970, art. I, § 7. A defendant has a fundamental due process right to notice of the charges brought against him. *People*

12

*v. Clark*, 2016 IL 118845, ¶ 47. The purpose of this procedural process is to afford the accused protection against surprise, unfairness, and inadequate preparation. *People v. Stafford*, 325 Ill. App. 3d 1069, 1074 (2001).

¶ 33 Here, the defendant was charged by amended information with 3 counts of criminal sexual assault and 23 counts of aggravated criminal sexual abuse. In exchange for his plea of guilty to count III of the amended information, the State agreed to nol-pros the remaining charges. A *nolle prosequi* is a formal entry of record by the State which indicates its unwillingness to prosecute a charge. *People v. Hughes*, 2012 IL 112817, ¶ 22. The State may enter a *nolle prosequi* as to an entire charging document, or as to one or more counts. *Hughes*, 2012 IL 112817, ¶ 22.

¶ 34 A *nolle prosequi* is not an acquittal of the underlying conduct that served as the basis for the original charge. *Hughes*, 2012 IL 112817, ¶ 23. Rather, it leaves the matter in the same condition as before the prosecution commenced. *Hughes*, 2012 IL 112817, ¶ 23. Thus, if a *nolle prosequi* is entered before jeopardy attaches, the State may prosecute the defendant again, subject to other relevant statutory or constitutional defenses and absent a showing of harassment, bad faith, or fundamental unfairness. *Hughes*, 2012 IL 112817, ¶ 23. Procedurally, the State may either refile the nol-prossed charges or request that the trial court vacate the previous *nolle prosequi* order and reinstate the charges. *Hughes*, 2012 IL 112817, ¶¶ 25-26.

¶ 35 In this case, after the entry of the *nolle prosequi* pursuant to the plea agreement, the defendant moved to withdraw his plea of guilty. On appeal from the trial court's denial of the defendant's motion to withdraw his plea of guilty, this court found that the defendant's

13

plea and sentence were void, and the case was remanded for further proceedings. At this point, the State was free to refile or seek reinstatement of the nol-prossed charges. The State did not do so. Nevertheless, the State proceeded to try the defendant on count III as well as all of the nol-prossed charges. At the time of the prosecution, the defendant did not object to a trial on all of the charges.

¶ 36    The defendant argues that trial counsel was ineffective for failing to object to the State's prosecution of the 25 nol-prossed offenses. He likens his case to *People v. Stafford*, which involved the direct appeal of a defendant's convictions. The defendant in *Stafford* claimed that his due process rights were violated in that he was required to defend himself against charges that had been previously nol-prossed and never reinstated. *Stafford*, 325 Ill. App. 3d at 1073. In contrast, this case involves a postconviction proceeding where we are asked to determine whether the defendant received ineffective assistance of appellate counsel for failing to raise a claim of ineffective assistance of trial counsel.

¶ 37    In *Stafford*, the defendant was indicted by a grand jury with two counts of first degree murder, five counts of attempted first degree murder, and five counts of aggravated discharge of a firearm. *Stafford*, 325 Ill. App. 3d at 1070. Before proceeding to trial, the State nol-prossed all of the counts except for the two counts of first degree murder. *Stafford*, 325 Ill. App. 3d at 1070. The defendant was convicted of first degree murder, but the appellate court reversed for a new trial. *Stafford*, 325 Ill. App. 3d at 1070. On the date of the retrial, the State informed the trial court that it would be proceeding on the two first degree murder counts and the five attempted murder counts that had previously been nol-prossed. *Stafford*, 325 Ill. App. 3d at 1071. The defendant filed a motion to dismiss the

14

attempted murder counts. *Stafford*, 325 Ill. App. 3d at 1071. The defendant argued that because he had not been reindicted on the five charges of attempted murder, the State was legally precluded from proceeding to trial against the defendant on those counts. *Stafford*, 325 Ill. App. 3d at 1071. The State countered with a request that the attempted murder charges be reinstated. *Stafford*, 325 Ill. App. 3d at 1071. The defendant responded by arguing that oral motions to reinstate were not permissible. *Stafford*, 325 Ill. App. 3d at 1071. The trial court denied the defendant's motion to dismiss and allowed the State to proceed on the attempted murder charges. *Stafford*, 325 Ill. App. 3d at 1071.

¶ 38   On appeal, the appellate court held that the State was required to file new charges of attempted murder after it initially nol-prossed those charges.[2] *Stafford*, 325 Ill. App. 3d at 1073. The appellate court concluded that the State's action in prosecuting the defendant for the attempted murder charges at the defendant's second trial was improper, and that the trial court erred in allowing the State to proceed as if those charges were legally in existence. *Stafford*, 325 Ill. App. 3d at 1074. The appellate court noted that until the day of jury selection, the defendant and his trial counsel were unaware that the State intended prosecute the defendant for the charges of attempted murder. *Stafford*, 325 Ill. App. 3d at 1074. The appellate court further noted that the defendant did not expect to be prosecuted on those charges at trial because they had been nol-prossed three years earlier. *Stafford*, 325 Ill. App. 3d at 1074. Thus, the *Stafford* court questioned whether the defendant had

---

[2]We note that the *Stafford* decision predates our supreme court's decision in *Hughes*, which held that the State may also seek to vacate the *nolle prosequi* order and reinstate the charges. *Hughes*, 2012 IL 112817, ¶¶ 25-26.

notice that the State intended to prosecute him on the attempted murder charges and determined that the defendant was unaware of the State's intention until the day of trial. The appellate court concluded that the defendant was unfairly forced to defend himself against charges that were not pending against him at the time of his jury trial. *Stafford*, 325 Ill. App. 3d at 1074. Consequently, the appellate court held that defendant's constitutional rights were violated. *Stafford*, 325 Ill. App. 3d at 1074.

¶ 39     *Stafford* is distinguishable from the present case. Unlike *Stafford*, where the attempted murder charges were nol-prossed prior to the defendant's first trial, the defendant here entered into a negotiated plea agreement whereby the State agreed to nol-pros 25 charges in exchange for the defendant's plea of guilty to count III of the amended information. During the defendant's plea hearing, the trial court advised the defendant that if the court were to grant a motion to withdraw the guilty plea, a trial would be held on count III and all of the other counts that were nol-prossed would be reinstated. The "Waiver of Appeal" signed by the defendant indicated that if a motion to withdraw the guilty plea was allowed, then upon the State's request, any charges that were nol-prossed as a part of the plea agreement would be reinstated and set for trial. Finally, during the hearing on the defendant's motion to withdraw his guilty plea, the defendant's testimony demonstrated that he anticipated the State would prosecute him on all 26 counts charged in the amended information if his plea of guilty was withdrawn. Indeed, the defendant testified that he was "ready for them" and "want[ed] to face them." Unlike *Stafford*, the defendant here was not surprised by the State's actions.

16

¶ 40    We acknowledge the fact that the State did not refile or seek reinstatement of the nol-prossed charges after this court vacated the defendant's plea and sentence on direct appeal. The State did, however, indicate in its "Motion to Allow Testimony Via Closed Circuit Television Pursuant to 725 ILCS 5/106B-5" that the defendant was charged with 3 counts of criminal sexual assault and 23 counts of aggravated criminal sexual abuse. The defendant's trial counsel stated that he had reviewed this motion. On the first day of the defendant's trial, the trial court read all 26 charges contained in the amended information. Defendant's counsel actively participated on his client's behalf at trial, including cross-examining witnesses. After the close of the State's evidence, defendant's counsel moved for a directed verdict as to all counts and stated that "we have 26 counts pled here."

¶ 41    Thus, the due process concerns of notice and unfair surprise that formed the basis of the *Stafford* decision are not present in this case. The record shows that although the State did not refile or seek to reinstate the nol-prossed charges, the State clearly intended to prosecute the defendant on all 26 charges set forth in the amended information. Indeed, the State's decision to nol-pros the charges was conditioned upon the defendant's plea of guilty to count III. The record also shows that both the defendant and his counsel were aware of the State's intent to prosecute the defendant for the nol-prossed charges. Defendant's trial counsel did not request a continuance of the trial, claim surprise, state he was unprepared, or indicate in any way that proceeding to trial on count III as well as the nol-prossed counts would result in surprise or unfairness.

¶ 42    After reviewing the record, we find that the defendant has not established the prejudice element required by *Strickland* to show that defendant's trial counsel provided

17

ineffective assistance. Under *Strickland*, the defendant must show that "but for" his trial counsel's failure to object to his prosecution on the nol-prossed charges, there is a reasonable probability that the outcome of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the result of the proceedings. *Edwards*, 195 Ill. 2d at 163. Under the circumstances presented here, we do not believe the defendant has made a showing that he was prejudiced by trial counsel's failure to object to prosecution on the 25 uncharged offenses. The defendant's bare assertion that trial counsel's failure to object violated the defendant's due process rights and caused him to suffer prejudice is insufficient to make a showing of prejudice under *Strickland*.

¶ 43 Moreover, the defendant cannot show that the outcome of the proceedings would have been different had his trial counsel objected to the State going forward on the counts that had previously been nol-prossed. As discussed above, the record shows that the defendant had notice of the State's intent to prosecute him for the nol-prossed charges. Had defense counsel objected, the State could simply have asked the trial court to reinstate the charges. Additionally, the record clearly reveals that the defendant was not surprised or unprepared to defend himself at trial. Therefore, the defendant's claim that his trial counsel was ineffective would have lacked merit.

¶ 44 Because the defendant has not shown that his trial counsel's failure to object to the prosecution on the additional counts prejudiced the defendant under the *Strickland* analysis, he cannot establish that appellate counsel provided ineffective assistance. Appellate counsel is under no obligation to raise claims that lack merit. Therefore, the

18

defendant has failed to make a substantial showing of a constitutional violation at the second stage of the postconviction proceedings, and the trial court did not err in dismissing the defendant's amended petition.

¶ 45     Finally, we note that the defendant does not challenge the trial court's jurisdiction during the trial of this case. We believe it is important, however, to point out that the State's failure to refile the nol-prossed charges or seek to vacate the *nolle prosequi* and reinstate the charges did not affect the power of the trial court to preside over the defendant's trial and render a judgment. See *Hughes*, 2012 IL 112817, ¶ 30 (concluding that the failure to refile the charging instrument or seek to vacate and reinstate a nol-prossed charge, based on the same offense as previously charged in the indictment, did not affect the power of the trial court to hear and render a judgment on the defendant's plea of guilty to the nol-prossed charge).

¶ 46     For the foregoing reasons, the judgment of the trial court is affirmed.


¶ 47     Affirmed.